UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RENEE DISPARTI,   CASE NO.:
   DIVISION:
    Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, State Farm Mutual Automobile Insurance Company, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, hereby removes this action to the United States District Court for the Middle District of Florida, Tampa Division, and states:

1.    This lawsuit is a civil action within the meaning of 28 U.S.C. §§1441(b) and 1446(b).

2.    Plaintiff, RENEE DISPARTI, filed a civil action captioned <u>Disparti v. State Farm Mutual Automobile Insurance Company</u>, Case No. 16-003768 in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, on or around November 28, 2016. <u>See</u> **Exhibit "A"**. Plaintiff seeks damages for an alleged automobile accident that occurred on or about October 20, 2015, in Pasco County, Florida.

3.    This action falls within this Court's diversity jurisdiction under 28 U.S.C. §1332(a)(1) because the parties are "citizens of different states, and the amount in controversy exceeds $75,000.00."

A. **COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.**

4. Complete diversity exists in this case because Plaintiff is not a citizen of the same state as Defendant, State Farm.

5. A corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. See 28 U.S.C. § 1441(c)(1).

6. Plaintiff alleges that she is a resident of Pasco County, Florida.

7. Defendant is a corporation organized under the laws of the State of Illinois, and has its principal place of business at 1 State Farm Plaza, Bloomington, IL 67171-0001. Thus, Defendant is a citizen of Illinois.

B. **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

8. The amount in controversy in this case exceeds $75,000.00. See 28 U.S.C. § 1332(a).

9. Defendant already removed this case once. Removal was based upon the demand letter and the civil remedies notice. This Court remanded the matter back to state court based on its belief that the amount demanded was insufficient to establish the amount in controversy threshold because the demand letter and civil remedies notice were mere puffery.

10. Back in state court, Defendant propounded interrogatories and requests for admission.

11. In her response to the requests for admissions, Plaintiff admitted that she is seeking in excess of $75,000 in damages. (**Exhibit B**)

12. In her answer to interrogatories, Plaintiff listed $119,240.29 in past medical specials alone. (**Exhibit C**).

13. Thus, the jurisdictional amount in controversy is satisfied.

## C.  THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.

14. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to Pinellas County, Florida, where the state court action was pending.

15. This removal is timely because this Court expressly stated in its Order remanding the matter back to state court, that the case was not then removable. 28 U.S.C. § 1446(b)(3) states that a case not originally removable may be removed 30 days after it becomes removable:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C.A. § 1446(b)(3).

16. Here, the answers to interrogatories and response to requests for admissions rendered the case removable. Both were served on February 15, 2017. This notice of removal is being filed within 30 days of these answers to discovery. This discovery constitutes an "other paper" under 28 U.S.C.A. § 1446(b)(3).

17. Removal is permissible because "None of the parties in interest properly joined and served as defendants is a citizen of" Florida, "the state in which [this] action [was] brought." 28 U.S.C. § 1441(b).

18. As required by 28 U.S.C. § 1446(a) and Local Rule 4.02(b), Defendant has attached copies of all process, pleadings, orders, and other paper of every kind served upon Defendant. See Composite **Exhibit "D"**.

19. Pursuant to 28 U.S.C § 1446(d), Defendant has provided written notice of the removal of this action to Plaintiff, and a Notice of Filing this Notice of Removal is being filed with the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida. A copy of the Notice of Filing is attached hereto as **Exhibit "E"**.

20. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to take discovery and present a brief and oral argument in support of its position that this case is removable. See Fed. R. Civ. P. 26; Steele v. Underwriters Adjusting Co., Inc., 649 F.Supp. 1414 (M.D. Ala.1986) ("A period of discovery which has as its sole purpose the determination of the amount in controversy would clarify the jurisdictional question in this case. This will give the Defendant an opportunity to submit requests for admissions, etc., in an effort to require Plaintiff to be specific regarding the value of Plaintiff's case. It will also give the Plaintiff an opportunity to submit an affidavit admitting that his case is worth less than $10,000.00, if that was, in fact, what Plaintiff was attempting to do in his motion to remand.")

**WHEREFORE**, Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, hereby removes the above-captioned action from the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, and requests that further proceedings be concluded in this Court as provided by law.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Notice of Removal has been furnished via E-Mail this 7th day of February, 2017, to the following: **Randy S. West, Esquire**, The Nurse Lawyer, P.A., service@thenurselawyer.com.

*Electronically signed by attorney after review*

_____
**KAREN A. BARNETT**
Florida Bar No.: 390674
**AARON PROULX**
Florida Bar No.: 349010
**Smoak, Chistolini & Barnett, PLLC**
320 W. Kennedy Blvd., 4th Floor
Tampa, FL  33606
(813) 221-1331 Telephone
(813) 223-7881 Facsimile
courtdocuments@flatrialcounsel.com
**Counsel for Defendant**