# EXHIBIT C

## NOTICE OF REMOVAL
## Disparti, Renee v. State Farm Mutual Automobile Insurance Company
## March 7, 2017

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

Renee Disparti,

    Plaintiff,

v.                            Case No.:   16-CA-003768

State Farm Mutual Automobile
Insurance Company,

    Defendant.
_____/

**Plaintiff's Notice of Serving Amended Answers to Defendant's Interrogatories**

    Comes now the Plaintiff, Renee Disparti, by and through her undersigned attorney, and hereby files notice of serving her amended answers to Interrogatories propounded by the Defendant, State Farm Mutual Automobile Insurance Company, dated January 17, 2017, numbered 1 through 30.

**Certificate of Service**

    I hereby certify that on February 27, 2017, a true and correct copy of the above and foregoing has been electronically filed using the Florida Court's E-Filing Portal System in compliance with Rule 2.516, which will send notification of such filing and copies to: Karen A. Barnett, Esquire, Smoak, Shistolini & Barnett, PLLC, 320 W. Kennedy Blvd., 4th Floor, Tampa, FL 33606, courtdocuments@flatrialcounsel.com.

Maryann Furman, RN, Esq.
Florida Bar No.: 0026535
The Nurse Lawyer P.A.
201 US 19 Alternate
Palm Harbor, FL 34683
Phone:(727) 807-6182
Fax:(727) 848-6182
Service Email:
service@thenurselawyer.com

**PLAINTIFF RENEE DISPARTI'S AMENDED ANSWERS TO DEFENDANT, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S INTERROGATORIES # 13 AND # 14**

1. What is the name and address of the person answering these interrogatories, and if applicable, the person's official position or relationship with the party to whom the interrogatories are directed.

   **ANSWER:**
   **Renee Disparti**

   **In addition, I had the assistance of my counsel in the preparation of this document.**

2. List the names, business addresses, dates of employment, and rates of pay regarding all employers, including self-employment, for whom you have worked in the past ten (10) years.

   **ANSWER:**

   **To the best of my recollection, the following are my employers. However, if a discrepancy exists between this answer and my records, I defer to the accuracy of my records:**

   | Employer/Address | Rate of Pay | Date of Employment |
   |---|---|---|
   | **Landon Plastic Surgery<br>1813 Wellness Lane<br>Trinity, FL 34655** | **$18.26/hour** | **December 2010 – present** |

3. List all former names and when you were known by those names. State all addresses where you have lived for the past ten (10) years, the dates you lived at each address, your Social Security number, your date of birth, and, if you are or have even been married, the name of your spouse or spouses. List all social networking sites of which you are or have been a member for the last four (4) years, i.e., Facebook, MySpace, Twitter, etc.

   a. Provide your email address and password for each of the social networking sites listed above.

   **ANSWER:**

   **Former Names:    Renee Flexer**
   **Social Security Number:   (call Plaintiff's counsel's office directly for SS#)**

**Date of Birth:**
**Spouse:**           **N/A**

**To the best of my recollection, the following are addresses for the past ten years (10). However, if a discrepancy exists between this answer and my records, I defer to the accuracy of my records:**

 a. **Objection: Relevancy, overbroad, vague, harassing, and is intended to annoy, embarrass, and oppress the Plaintiff rather than obtain information reasonably calculated to lead to the discovery of admissible evidence. Additionally, the information requested also belongs to individuals that are not parties or injured parties in this case. Furthermore, this type of blanket request for unrestricted access to Plaintiff's computer system and electronic correspondence has been held to be improperly overbroad and violative of the attorney-client privilege, and a litigant's right to confidentiality and financial privacy. Plaintiff also asserts all rights available to her pursuant to 18 U.S.C §§2701-2703, the Stored Communications Act. Plaintiff further objects as Plaintiff has a right to privacy under the Bill of Rights and the Florida Constitution, and Plaintiff has the right to exercise her First Amendment rights, as well, which extends to the Internet. Finally, the above referenced request is clearly a "fishing expedition" on behalf of the Defendant's attorney. There has been no showing of relevance or potential relevance between pictures taken prior or subsequent to the subject date of loss and the issues involved in this lawsuit. Additionally, the Defendant has made no attempt by way of interrogatories or requests for production to determine whether there are such documents or pictures in existence.**

4. Do you wear glasses, contact lenses or hearing aids? If so, who prescribed them; when where they prescribed; when were your eyes or ears last examined; and what is the name and address of the examiner?

    **ANSWER:**

    **No.**

5. Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law which you were convicted was punishable by death or imprisonment in excess of one (1) year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction the specific crime, and the date and place of conviction.

**ANSWER:**

**No.**

6. Were you suffering from physical infirmity, disability, or sickness at the time of the incident described in the complaint? If so, what was the nature of the infirmity, disability, or sickness?

    **ANSWER:**

    **No.**

7. Did you consume any alcoholic beverages or take any drugs or medications within twelve (12) hours before the time of the incident described in the complaint? If so, state the type and amount of the alcoholic beverages, drugs, or medication which were consumed, and when and where you consumed them.

    **ANSWER:**

    **No.**

8. Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident.

    **ANSWER:**

    **I was at a complete stop at a red light at the intersection of Ridge Rd. and US Hwy. 19 in Port Richey when I was rear-ended. There was nothing I could do to prevent the incident.**

9. Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

    **ANSWER:**

    **Please see the allegations set forth in the Complaint. Discovery is in its early stages and further acts of negligence on the part of this Defendant or others may be discovered as discovery continues.**

10. Were you charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the complaint? If so, what was the nature of the charge; what plea, or answer, if any, did you enter to the charge; what court or agency heard the charge; was any

written report prepared by anyone regarding this charge, and if so, what is the name and address of the person or entity that prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing or other proceeding on the charge recorded in any manner, and if so, what was the name and address of the person who recorded the testimony?

**ANSWER:**

**No.**

11. Describe each injury for which you are claiming damages in this case, specifying the part of the body that was injured, the nature of the injury, and, as to any injuries you contend are permanent, and the effects on you that you claim are permanent.

    **ANSWER:**

    **The full extent of the injuries that I suffered as a result of this accident are not fully known and understood by me and I defer the issue of permanency to my treating physicians. Pursuant to the Florida Rules of Civil Procedure 1.340 (c) please refer to my medical records for a complete description of the injuries. In addition, the information requested in this interrogatory can be taken from Plaintiff's medical records that Defendant has a reasonable opportunity to obtain through non-party production or through Plaintiff's Response to Defendant's Request for Production.**

    **However, to the best of my knowledge I suffered injuries to my neck, back and right knee.**

12. List each item of expense or damage, other than loss of income or earning capacity that you claim to have incurred as a result of the incident described in the complaint, giving for each item the date incurred, the name and business address of the person or entity to whom each was paid or is owed, and the goods or services for which each was incurred.

    **ANSWER:**

    **To the best of my recollection, the following are my medical providers. However, if there is a discrepancy between the amounts disclosed in my responses, and billing records from providers, then I defer to the updated billing records:**

| Medical Provider | Charges |
| --- | --- |

| | |
|---|---|
| **Florida Wellness Medical Group** | $685.00 |
| **Greater Florida Anesthesia** | $2,576.00 |
| **Katz Orthopedic Institute** | $1,018.00 |
| **Medical Center of Trinity** | $12,957.25 |
| **Morton Plant Hospital** | $50,064.22 |
| **Pasco Imaging Associates** | $400.00 |
| **Rose Radiology** | $5,100.00 |
| **Spine and Orthopedic Center** | $36,881.90 |
| **Torbert Emergency Physicians** | $1,291.00 |
| **Trinity Spine Center** | $8,266.92 |
| Total | $119,240.29 |

**The information requested in this interrogatory can be obtained from Plaintiff's medical bills which Defendant can obtain through non-party production or through Plaintiff's Response to Defendant's Request for Production.**

13. Do you contend that you have lost any income, benefits, or earning capacity in the past or future as a result of the incident described in the complaint? If so, state the nature of the income, benefits, or earning capacity, and the amount and the method that you used in computing the amount.

**ANSWER:**

**Thus far, I missed a total of 4 days as a result of the surgery I underwent in this case. I am paid $18.27 per hour and I missed a total of 4 days where I would have worked 8 hours per day. To the best of my knowledge that amount totals $584.64. At this time I am unsure whether or not my ability to work full time, in the same or similar capacity to what I am capable of right now, will be affected in the future, and I would defer those opinions to the appropriate experts.**

14. Has anything been paid or is anything payable from any third party for the damages listed in your answers to these interrogatories? If so, state the amounts paid or payable the name and business address of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation.

    **ANSWER:**

    **To the best of my knowledge, as of February 21, 2017, Florida Blue has paid $43,351.50 towards my medical bills and they have asserted a lien for that amount. Additionally, my PIP carrier has extended the full $10,000.00 policy limits towards my medical bills.**

15. List the names and business addresses of each physician who has treated or examined you, and each medical facility where you have received any treatment or examination for the injuries for which you seek damages in this case; and state as to each the date of treatment or examination and the injury or condition for which you were examined or treated.

    **ANSWER:**

    **See Answer to Interrogatory #12 above.**

16. List the names and business addresses of all other physicians, medical facilities, or other health care providers by whom or at which you have been examined or treated in the past 10 years; and state as to each the dates of examination or treatment and the condition or injury for which you were examined or treated.

    **ANSWER:**

    **To the best of my recollection, the following are my medical providers for the last ten (10) years. However, if a discrepancy between this answer of my providers and my medical records, then I defer to the medical records:**

| Medical Provider | Dates | Treatment/Condition |
|---|---|---|
| Dr. Yael Ellis<br>34041 US Highway 19 N, Ste E<br>Palm Harbor, FL 34684 | various | PCP |
| Dr. Gary Moskovitz<br>Morton Plant Hospital<br>300 Pinellas Street<br>Clearwater, FL 33756 | 2003 and 2008 | Prior neck and back surgery |

**Pursuant to FRCP 1.340 (c), please refer to medical records for details of treatment.**

17. List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have knowledge concerning any of the issues in this lawsuit; and specifically, the subject matter about which the witness has knowledge.

    **ANSWER:**

    **Plaintiff will file a witness list in accordance with the Order Setting Cause for Trial and Pre-Trial. Otherwise, the witnesses known to date are the following:**

    1. **The parties and their attorneys;**
    2. **The investigating police officer;**
    3. **Those listed on the crash report; and**
    4. **My treating physicians.**

    **Discovery is in its early stages and further persons with knowledge may be discovered as discovery continues.**

18. Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address or each person who heard it, and the date, time, place, and substance of each statement.

    **ANSWER:**

    **No.**

19. State the name and address or every person know to you, your agents, or your attorneys, who has knowledge about or possession, custody, or control

of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address or the person who took or prepared it, and the date it was taken or prepared.

**ANSWER:**

**Discovery is still ongoing. However, the following persons have knowledge, possession, custody and/or control of drawings concerning the issues in this lawsuit:**

    **1.    The parties and their attorneys; and**
    **2.    The investigating police officer (police report diagram).**

20. Do you intend to call any expert witness at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, and a summary of the grounds for each opinion.

**ANSWER:**

**It is undetermined at this time which expert witnesses will be used at the trial of this matter. However, those intended for use at trial will be provided in compliance with the Court's Order Setting Cause for Trial and Pre-Trial. Pursuant to Frantz v. Golebiewski, 407 So.2d 283 (Fla. 3d DCA 1981), Plaintiff's treating physicians are not deemed expert witnesses.**

21. Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

**ANSWER:**

**No.**

22. Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which suit was filed.

**ANSWER:**

**No.**

23. Please enumerate and describe any accidents, automobile or other kinds, prior or subsequent to the incident in the Complaint, in which you were injured, and include in your answer the name, address and telephone number of each hospital, physician or other health care provider who treated you or examined you for said injuries.

    **ANSWER:**

    **In 2003 I was involved in a motor vehicle accident on Gunn Hwy where I was rear-ended. I underwent a lumbar surgery which was performed by Dr. Gary Moskovitz at Morton Plant Hospital.**

    **In 2008 I was involved in a motor vehicle accident near Tarpon Avenue and McMullen Booth Road. I underwent a neck surgery which was also performed by Dr. Gary Moskovitz.**

24. State the extent of your education, giving names and addresses of all schools, colleges, universities, vocational schools, or other institutions attended and the years attended, as well as stating any degrees, certifications, or licenses (other than driver's license) which you have received.

    **ANSWER:**

    **Gulf High School, 5355 School Rd, New Port Richey, FL 34652**
    **Largo Medical Assistant Training, Largo, FL  (closed down)**

25. Please state the name, address and policy number of any insurance companies who have provided your health or disability benefits for the past ten (10) years. If the insurance was procured through another person's name, such as your spouse, please indicate same in your answer.

    **ANSWER:**

    **Florida Blue – Member Number**

    **State Farm – Policy Number**

26. If you, your attorney, or agents know of any statement from any person who has knowledge concerning the facts involved in this lawsuit, including eyewitnesses, experts expected to testify at trial, and any others with knowledge of the facts and circumstances surrounding this suit, state the name and address of the person who took each statement, the date each statement was taken, and the form of the statement (that is, whether oral, written, stenographic, etc.). Dade County School Board v. Roberto Soler 534 So.2d 884 (Fla. 3rd DCA 1988).

**ANSWER:**

**I am not aware of any statements made from any person concerning this lawsuit.**

27. With respect to any injuries or symptoms which you claim to have sustained as a result of this accident, please state whether you at any other time ever had any similar injury to, or similar symptom of the same or similar area of your body and if so, itemize each such injury or symptom, the part of your body involved, the date and duration of such injury or symptom and the names and address of any physicians or hospitals that treated you for it.

    **ANSWER:**

    **Yes, I had a prior neck and back surgeries as described in my answer to #23.**

28. Please identify any MRI's, x-rays or any and all diagnostic tests (including electro diagnostic tests) which you have had performed during the past ten (10) years, stating the type of test that was performed, the name of the institution where this MRI, x-ray or diagnostic test was performed and the date (or approximate date or year) when this MRI, x-ray or diagnostic test was performed.

    **ANSWER:**

    **MRIs – Rose Radiology**

29. List the names and business addresses of all pharmacies, prescription plans, medical facilities or other health care facilities by whom or at which you have had prescriptions filled for the injuries for which you seek damages in this case. Provide the name and address of the prescriber, the dosage, number of tablets and frequency taken, and the cost of the medication:

    **ANSWER:**

    **Walgreens, Little Road, New Port Richey, FL**

30. Please identify the name of your cell phone provider at the time of the accident and list the following:

    a. The cell phone number;
    b. The account number; and

      c. The name of your cell phone account holder.

**<u>ANSWER:</u>**

**Verizon**

_____
Signature

_____
Printed Name
Renee Disparti

STATE OF FLORIDA
COUNTY OF PASCO

BEFORE ME, the undersigned authority, personally appeared Renee Disparti, who is personally known to me or who furnished identification in the form of _____ and who, after being duly sworn, deposes and says that the foregoing is true and correct to the best of his/her knowledge, information and belief, and that he/she subscribed his/her name hereto in certification thereof.

WITNESS my hand and seal this 27th day of February, 2017.



LINDSAY A COFFEY
MY COMMISSION # FF 899200
EXPIRES September 06, 2019
(407) 398-0153  FloridaNotaryService.com

Signature of Notary Public
My Commission Number: _____
My Commission Expires: _____