# EXHIBIT D

**NOTICE OF REMOVAL**

**Disparti, Renee v. State Farm Mutual**

**Automobile Insurance Company**

**March 7, 2017**



**CORPORATION SERVICE COMPANY**

## Notice of Service of Process

**null / ALL**
**Transmittal Number: 15966391**
**Date Processed: 12/09/2016**

| | |
|---|---|
| Primary Contact: | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>2711 Centerville Road<br>Wilmington, DE 19808 |

| | |
|---|---|
| Entity: | State Farm Mutual Automobile Insurance Company<br>Entity ID Number  3461675 |
| Entity Served: | State Farm Mutual Automobile Insurance Company |
| Title of Action: | Renee Disparti vs. State Farm Mutual Automobile Insurance Company |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Pasco County Circuit Court, Florida |
| Case/Reference No: | DFS#16-000192499/512016CA003768CAAXWS |
| Jurisdiction Served: | Florida |
| Date Served on CSC: | 12/09/2016 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | FL Dept of Financial Services on 12/07/2016 |
| How Served: | Electronic SOP |
| Sender Information: | Randy West<br>727-807-6182 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com





*16-000192499*

CHIEF FINANCIAL OFFICER
JEFF ATWATER
STATE OF FLORIDA

---

RENEE DISPARTI

PLAINTIFF(S)

VS.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY .

DEFENDANT(S)

                                              /

SUMMONS, COMPLAINT, DISCOVERY, CIVIL COVER SHEET

**CASE #:**     512016CA003768CAAXWS
**COURT:**      CIRCUIT COURT
**COUNTY:**     PASCO
**DFS-SOP #:** 16-000192499

## <u>NOTICE OF SERVICE OF PROCESS</u>

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of
the State of Florida. Said  process was received in my office by PROCESS SERVER on Wednesday,
December 7, 2016 and a copy was forwarded by ELECTRONIC DELIVERY on Friday, December 9,
2016 to the designated agent for the named entity as shown below.


        STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
        LYNETTE COLEMAN
        1201 HAYS STREET
        TALLAHASSEE FL 32301


**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not
responsible for transmittal of any subsequent fillings, pleadings, or documents unless otherwise ordered
by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080**


                                   Jeff Atwater
                                   Chief Financial Officer



MARYANN FURMAN
201 US 19 ALTERNATE
PALM HARBOR FL 34683

                                                                        AJ1

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

Renee Disparti,

    Plaintiff,

v.

State Farm Mutual Automobile
Insurance Company,

    Defendant.

Case No.: 51 2016 CA 003788 CAA XWS
Division:

Date |2|7|16   Time 8:00
MCN. No. 111
is a certified process server in the
Circuit and County Courts
in and for the Second Judicial Circuit

**SUMMONS**

THE STATE OF FLORIDA:
TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:
GREETINGS:

    YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Complaint, request for production, and interrogatories in the above styled cause upon the defendant(s)

        **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**
        **c/o: The Chief Financial Officer**
        **200 E. Gaines Street**
        **Tallahassee, FL 32399**

    Each defendant is hereby required to serve written defenses to said complaint or petition on plaintiff's attorney, whose name and address is

        **Maryann Furman, Esquire**
        FBN: 26535
        **The Nurse Lawyer, P.A.**
        201 Alt 19 S
        Palm Harbor, FL 34683-5543
        (727)807-6182 Phone
        (727)848-6182 fax
        service@thenurselawyer.com

within 20 days after service of this summons upon said defendant, exclusive of the

RECEIVED AS STATUTORY REGISTERED AGENT
on 07 December, 2016 and served on defendant or named party on 09 December, 2016
by the Florida Department of Financial Services

day of service, and to file the original of said written defenses with the clerk of said court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

Witness my hand and the seal of said court on ____ **DEC 0 5 2016** ____, 2016.

Paula S. O'Neil, Ph.D., Clerk & Comptroller
, Clerk Circuit Court

By: _____
Deputy Clerk

Maryann Furman, Esquire
The Nurse Lawyer, P.A.
FBN: 0026535
201 Alt 19 S
Palm Harbor, FL 34683-5543
(727) 807-6182 office
service@thenurselawyer.com
Attorney for Plaintiff

In accordance with the Americans with Disabilities Act, persons with disabilities needing a special accommodation to participate in this proceeding should contact the above listed attorney or his secretary at the address and telephone number given not later than seven (7) days prior to the proceeding. If hearing impaired, contact the Florida Relay Service, telephone 1(800) 955-8770.

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

Renee Disparti,

      Plaintiff,

v.

                                  Case No.:

                                  Division:

State Farm Mutual Automobile
Insurance Company,

      Defendants.

_____/

### Plaintiff's First Complaint

Comes now, the Plaintiff, Renee Disparti, by and through the undersigned attorney and sues the Defendant, State Farm Mutual Automobile Insurance Company, and alleges:

### General Allegations

1. This is an action for damages in excess of $15,000.

2. At all times material herein, the Plaintiff, Renee Disparti, lived in New Port Richey and was a resident of Pasco County, Florida.

3. At all times material herein, Defendant, State Farm Mutual Automobile Insurance Company, is a corporation doing business in the State of Florida as an insurance company and has business offices for the transaction of its customary business in Pasco County, Florida.

4. On or about October 20, 2015, Renee Disparti was driving a 2008 Hyundai Santa Fe which was stopped for a red light, facing westbound on Ridge Road at its intersection with U.S. 19 North in Port Richey, Pasco County, Florida.

5. At that time and place, an underinsured motorist, Kenneth Brown, owned and was operating a 2005 Chevy Malibu, identified with VIN# 1G1ZT52815F324487, which was traveling westbound on ridge road approaching its intersection with U.S. 19 North in Port Richey, Pasco County, Florida.

6. At that time and place, the underinsured motorist, Kenneth Brown, negligently operated or maintained the motor vehicle so that it collided with the rear of Plaintiff's motor vehicle.

7. At the time just prior to the collision, the underinsured motorist, Kenneth Brown was operating the above described vehicle while not paying attention to the roadway, attendant circumstances, and the traffic conditions around including the Plaintiff's stopped vehicle; all while under the influence of alcohol, medication, and drugs that impaired his ability to safely operate a vehicle.

8. At that time and place, Defendant, Kenneth Brown, was an uninsured/underinsured motorist as that term is defined in Florida Statutes.

### Count II – Uninsured Motorist Claim Against State Farm Mutual Automobile Insurance Company

9. Plaintiff realleges and incorporates into Count II all of the paragraphs of the "General Allegations" of this complaint as if the same were more specifically set forth herein, and further alleges:

10. Uninsured/underinsured motorist, Kenneth Brown, had a duty to exercise due care in the operation of the motor vehicle.

11. At the time of the accident, uninsured/underinsured motorist, Kenneth Brown, breached that duty in one or more of the following ways:

a. Failing to exercise due care;

b. failing to keep a proper lookout;

c. failing to yield right-of-way;

d. driving at an excessive speed for the roadway conditions;

e. becoming distracted by engaging in other activities;

f. driving under the influence of alcohol, medications, and drug; and

f. being otherwise careless in the operation of a motor vehicle.

12. At that time and place, uninsured/underinsured, Kenneth Brown, negligently and carelessly operated and maintained the motor vehicle he was operating such that it collided with the vehicle Plaintiff was operating.

13. As a direct and proximate result of the negligence of the uninsured/underinsured motorist, Kenneth Brown, the Plaintiff, Renee Disparti, suffered bodily injury and resulting pain and suffering, mental pain and anguish, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

14. At all times material herein, Plaintiff was insured under a policy of motor vehicle insurance issued by Defendant, State Farm Mutual Automobile Insurance Company, and said policy provided uninsured/underinsured motorist coverage, bearing policy number 364050159Y. A Declaration Page evidencing such coverage is attached hereto as Exhibit "A", and made a part this Complaint.

15. The total of all bodily injury liability insurance available as a result of the subject incident is less than the damages sustained by the Plaintiff.

16. Plaintiff has complied with all conditions precedent to the contract for policy number 364050159Y.

17. The policy contract represents the entire agreement by the parties, including the rights and responsibilities of all parties in the resolution and settlement of accident-related claims.

18. Plaintiff, Renee Disparti, is an insured person, entitled to benefits under the Uninsured/Underinsured Motorist portion of the automobile insurance policy.

Wherefore, Plaintiff, Renee Disparti, sues Defendant, State Farm Mutual Automobile Insurance Company, and demands judgment for damages in an amount exceeding Fifteen Thousand Dollars, exclusive of costs, against the defendant, and demands a trial by jury.

Respectfully submitted on November 28, 2016.

Randy West, Esquire
The Nurse Lawyer P.A.
5922 Main Street
New Port Richey, FL 34652
Telephone: (727) 807-6182
Facsimile: (727) 848-6182
Fla. Bar No.: 0172154
service@thenurselawyer.com
Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, STATE OF FLORIDA
CIVIL DIVISION

RENEE DISPARTI,

     Plaintiff,

                                    Case No.: 16-CA-003768

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

     Defendant.

_____/

## DEFENDANT'S NOTICE OF APPEARANCE
## AND DESIGNATION OF ELECTRONIC MAIL ADDRESS

I, Karen A. Barnett, Esquire of Smoak, Chistolini & Barnett, PLLC, hereby file this Notice of Appearance as counsel on behalf of the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and request that the parties in the above-styled cause of action hereafter direct copies of all pleadings to said counsel.

Pursuant to Florida Rules of Judicial Administration 2.516, the undersigned hereby designates the following electronic mail address for the above styled matter:

Primary electronic mail address:       courtdocuments@flatrialcounsel.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via E-Mail this 27th day of December, 2016, to the following: Randy S. West, Esquire, The Nurse Lawyer, P.A., service@thenurselawyer.com.

Electronically signed after review by attorney

KAREN A. BARNETT
Florida Bar No.: 390674
Smoak, Chistolini & Barnett, PLLC
320 W. Kennedy Blvd., 4th Floor
Tampa, FL 33606
(813) 221-1331 Telephone
(813) 223-7881 Facsimile
courtdocuments@flatrialcounsel.com
Counsel for Defendant

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, STATE OF FLORIDA
CIVIL DIVISION

RENEE DISPARTI,

       Case No.: 16-CA-003768

      Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, by and through its undersigned attorney, hereby files this Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

1.     Admitted for jurisdictional purposes.

2.     Admitted to the best of Defendant's knowledge and belief.

3.     Admitted.

4.     Admitted.

5.     Denied that Kenneth Brown was underinsured.  The remainder of paragraph five is admitted.

6.     Defendant has no personal firsthand knowledge of these allegations and accordingly same are denied at this time.

7.     Defendant has no personal firsthand knowledge of these allegations and accordingly same are denied at this time.

8.     Denied.

9.      Defendant realleges and incorporates by reference herein its response to paragraphs one through eight as set forth above.

10.     Admitted.

11.     (a-f) Defendant has no personal firsthand knowledge concerning these allegations and accordingly same are denied at this time.

12.     Defendant has no personal firsthand knowledge concerning these allegations and accordingly same are denied at this time.

13.     Denied.

14.     Admitted.

15.     Denied.

16.     Admitted.

17.     Admitted.

18.     Admitted that Renee Disparti was an insured person and that uninsured/underinsured motorist benefits are available.  Denied that the value of this claim exceeds the $250,000 policy limits available to the tortfeasor/motorist, Kenneth Brown.

**FIRST AFFIRMATIVE DEFENSE**

That Defendant is entitled to a setoff of all monies paid or payable by other parties responsible for the accidents alleged in Plaintiff's Complaint and any payments paid or payable by these parties' respective insurance carriers.  Those parties would include **Kenneth Brown and his insurance carrier.**

**SECOND AFFIRMATIVE DEFENSE**

Defendant is entitled to a setoff for all sums of money recovered by or on behalf of the

Plaintiff, by way of any settlement, judgment or otherwise which was entered into or received by the Plaintiff from any party or nonparty to this accident.

### THIRD AFFIRMATIVE DEFENSE

Any coverage deemed provided by Defendant's policy is over and above, and not to be in duplication of: benefits available to Plaintiff under any Workers' Compensation law, personal injury protection benefits, disability benefits law, or similar laws; under any automobile medical expense coverage; under any motor vehicle liability insurance coverage; or from the owner or operator of the allegedly uninsured motor vehicle or any other personal organization jointly or severally liable together with such owner or operator for the accident; and such coverage shall cover the difference, if any, between the sums of such benefits and the damages, if any, sustained by Plaintiff, up to the maximum amount of the policy limits provided by Defendant's insurance policy.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff had a duty to mitigate damages in this matter, and carelessly and negligently failed to do so, and the Defendant is not responsible for any damages that reasonably could have been avoided by the Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is insured with health insurance coverage, and to the extent that any of Plaintiff's medical providers maintained contracts with Plaintiff's health insurance carrier, Plaintiff's providers must submit all bills for services rendered to Plaintiff's health insurer, and Plaintiff's provider must accept the contracted amount in full payment of all charges for treatment rendered pursuant to Florida Statute §641.3154.  If any such provider has failed to properly submit bills in violation of a contractual provision in such a health insurance contract

such that Plaintiff does not owe those monies to Plaintiff's medical provider, then those items of damages do not exist and cannot be recovered from this Defendant.

## SIXTH AFFIRMATIVE DEFENSE

Defendant is entitled to any and all health insurance contractual adjustments.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant is not responsible for the payment of medical expenses incurred by Plaintiff which should have been submitted to Plaintiff's personal injury protection carrier pursuant to §627.736 of the Florida Statutes.   To the extent that any of Plaintiff's medical expenses should have been submitted pursuant to this statute, neither Plaintiff nor Defendant are responsible for payment of same and accordingly these expenses should not be presented as legitimate medical expenses to the jury in this cause.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's treating doctors or treating experts have billed for their services in violation of §627.736(5)(b) of the Florida Statutes, this Defendant is liable only to the extent that the PIP carrier would be responsible for reasonable and necessary charges for medical care incurred as a result of the injury sustained in the accident at issue, excluding any upcoding charges or other charges submitted not otherwise payable under the personal injury protection coverages and §627.736 of the Florida Statutes.

## NINTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff has received collateral source payments and that their damages, if any, should be reduced by the amount of such collateral source payments made and by the amount of any collateral source payments available to Plaintiff as a result of the accident in question.

## TENTH AFFIRMATIVE DEFENSE

Defendant is entitled to have any verdict in this case reduced to a judgment not to exceed the available policy limits under the uninsured/underinsured motorist coverage provisions of the policy at issue in this case. Defendant will request that this Court conform the judgment in keeping with the terms of the applicable policy of insurance.

## DEMAND FOR JURY TRIAL

Defendant herein demands trial by jury of all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via E-Mail this 13th day of January, 2017, to the following: Randy S. West, Esquire, The Nurse Lawyer, P.A., service@thenurselawyer.com.

Electronically signed after review by attorney

_____
KAREN A. BARNETT
Florida Bar No.: 390674
Smoak, Chistolini & Barnett, PLLC
320 W. Kennedy Blvd.
4th Floor
Tampa, FL  33606
(813) 221-1331 Telephone
(813) 223-7881 Facsimile
courtdocuments@flatrialcounsel.com
Counsel for Defendant

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

Renee Disparti,
      Plaintiff,

                                      Case No.:    16-CA-003768
v.                                    Division:

State Farm Mutual Automobile Insurance
Company,
      Defendant.
_____/

## PLAINTIFF'S ANSWER TO AFFIRMATIVE DEFENSES

      Plaintiff, Renee Disparti, by and through the undersigned attorney, denies and moves to strike for lack of specificity, each and every Affirmative Defense served by Defendant, State Farm Mutual Automobile Insurance Company, with a certificate of service dated January 13, 2017.

## Certificate of Service

      I hereby certify that on January 17, 2017, a true and correct copy of the above and foregoing has been electronically filed using the Florida Court's E-Filing Portal System in compliance with Rule 2.516, which will send notification of such filing and copies to: Karen A. Barnett, Esquire, Smoak, Shistolini & Barnett, PLLC, 320 W. Kennedy Blvd., 4th Floor, Tampa, FL 33606, courtdocuments@flatrialcounsel.com.

Maryann Furman, RN, Esq.
Florida Bar No.: 0026535
The Nurse Lawyer P.A.
201 US 19 Alternate
Palm Harbor, FL 34683
Phone:(727) 807-6182
Fax:(727) 848-6182
Service Email:
service@thenurselawyer.com
Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

Renee Disparti,

     Plaintiff,

v.                                        Case No.:    16-CA-003768

State Farm Mutual Automobile
Insurance Company,

     Defendant.

## NOTICE FOR CIVIL JURY TRIAL

Comes now the plaintiff, Renee Disparti, by and through the undersigned counsel, pursuant to Fla. R. Civ. P. 1.440, and states as follows:

1.    That this action is at issue and ready to be set for trial by jury.

2.    It is estimated that the trial will require 4-5 days.

3.    The jury trial is requested on the original action.

4.    Plaintiff has discussed this matter with opposing counsel and has been unable to reach an agreement concerning the setting of the case for trial.

Wherefore, Plaintiff, Renee Disparti, respectfully requests this Honorable Court set this case for pre-trial and trial on this Court's docket and moves the Court for entry of an Order setting this cause for trial by jury.

### Certificate of Service

I hereby certify that on February 16, 2017, a true and correct copy of the above and foregoing has been electronically filed using the Florida Court's E-Filing Portal System in compliance with Rule 2.516, which will send notification of such filing and copies to: Karen A. Barnett, Esquire, Smoak, Shistolini & Barnett,

PLLC, 320 W. Kennedy Blvd., 4th Floor, Tampa, FL 33606,

courtdocuments@flatrialcounsel.com.

Maryann Furman, N, Es .
Florida Bar No.: 0026 3
The Nurse Lawyer P.A.
201 S 1 Alternate
Palm arbor, FL 34683
Phone:(727) 807-6182
Fa :(727) 848-6182
Service Email:
service@thenurselawyer.com
Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, STATE OF FLORIDA
CIVIL DIVISION

RENEE DISPARTI,

        Plaintiff,

Case No.: 16-CA-003768

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

_____/

## DEFENDANT'S OBJECTION TO PLAINTIFF'S
## NOTICE THAT CASE IS AT ISSUE AND MOTION TO SET TRIAL

Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** **by and through its undersigned attorney,** hereby objects to Plaintiff's Notice **that Case is at Issue and Motion to Set Trial, and as grounds therefore would show onto the Court as follows:**

1.      **This matter arises out of a motor vehicle accident which occurred on October 20, 2015.**

2.      **The Plaintiff served the Defendant with the Complaint on December 9, 2016.**

3.      Plaintiff's responses to Defendant's initial dis**covery was just received on February 16, 2017.   Defendant requires the opportunity to review these responses to determine how much additional discovery will be required in order to prepare for trial.**

4.      Plaintiff's depos**ition has not been scheduled.   Defense counsel has** contacted Plaintiff's **counsel on numerous occasions to clear a deposition date for the Plaintiff.   The last response received from opposing counsel was that they were going to hold the afternoon of April 3, 2017 but needed to clear the date with their client first.   Attempts to follow up with opposing counsel have not been responded to.** See **Composite Exhibit A.**

5.      **Since Defendant has not been able to conduct the deposition of the Plaintiff, Plaintiff**

should not be granted a trial date.

6.      If the Court were to consider a trial date, it should only be after an order requiring a time certain within which Plaintiff should appear for deposition and certainly no earlier that November 2017.


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via E-Mail this 17th day of February, 2017, to the following: Randy S. West, Esquire, The Nurse Lawyer, P.A., service@thenurselawyer.com.

Electronically signed after review by attorney

_____

KAREN A. BARNETT
Florida Bar No.: 390674
Smoak, Chistolini & Barnett, PLLC
320 W. Kennedy Blvd.
4th Floor
Tampa, FL  33606
(813) 221-1331 Telephone
(813) 223-7881 Facsimile
courtdocuments@flatrialcounsel.com
Counsel for Defendant

# EXHIBIT A

**DEFENDANTS' OBJECTION TO
PLAINTIFF'S NOTICE THAT CASE IS
AT ISSUE AND MOTION TO SET TRIAL**
**Pasco County**
**Case No. 16-CA-003768**
**DISPARTI V. STATE FARM**
**February 17, 2017**

## Cynthia Chartak

| | |
|---|---|
| **From:** | Cynthia Chartak |
| **Sent:** | Wednesday, February 15, 2017 9:57 AM |
| **To:** | 'Taylor' |
| **Subject:** | RE: Renee Disparti v State Farm Mutual Automobile Insurance Company |

Good morning Taylor,

Just following up with you regarding setting the deposition of Renee Disparti on April 3rd.  Let me know, thank you!


Thank you,
Cynthia

Cynthia Chartak, Paralegal to
Karen Barnett and Dawn Myers
**Smoak, Chistolini & Barnett, PLLC**
320 West Kennedy Boulevard
4th Floor
Tampa, Florida 33606
(813) 221-1331 (T)
(813) 223-7881 (F)
E-mail: cchartak@flatrialcounsel.com
Website: www.flatrialcounsel.com



CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) contain information from Smoak, Chistolini & Barnett, PLLC and may be confidential or privileged.  The information is intended for the sole use of the individual or entity named above.  If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of action in reliance upon the communication is strictly prohibited.  Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege as to this communication or otherwise.  If you have received this communication in error, please contact us immediately by return e-mail at administrator@flatrialcounsel.com or by telephone at (813) 221-1331.  Thank you.

**From:** Taylor [mailto:Taylor@thenurselawyer.com]
**Sent:** Tuesday, February 07, 2017 10:18 AM
**To:** Cynthia Chartak <cchartak@flatrialcounsel.com>
**Subject:** RE: Renee Disparti v State Farm Mutual Automobile Insurance Company

I will put a hold on the calendar and reach out to my client to clear the date.

Thank you,

**\*Please Note Our New Main Office Address\***

The Nurse Lawyer
Taylor Marie

201 Alternate 19 S
Palm Harbor, FL 34683
727-807-6182-Phone
727-848-6182-Fax

**From:** Cynthia Chartak [mailto:cchartak@flatrialcounsel.com]
**Sent:** Tuesday, February 7, 2017 10:0  AM
**To:** Taylor <Taylor@thenurselawyer.com>
**Subject:** RE: Renee Disparti v State Farm Mutual Automobile Insurance Company

We can do the afternoon of April 3rd.


Thank you,
Cynthia

Cynthia Chartak, Paralegal to
Karen Barnett and Dawn Myers
**Smoak, Chistolini & Barnett, PLLC**
320 West Kennedy Boulevard
4th Floor
Tampa, Florida 33606
(813) 221-1331 (T)
(813) 223-7881 (F)
E-mail: cchartak@flatrialcounsel.com
Website: www.flatrialcounsel.com



CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) contain information from Smoak, Chistolini & Barnett, PLLC and may be confidential or privileged.  The information is intended for the sole use of the individual or entity named above.  If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of action in reliance upon the communication is strictly prohibited.  Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege as to this communication or otherwise.  If you have received this communication in error, please contact us immediately by return e-mail at administrator@flatrialcounsel.com or by telephone at (813) 221-1331.  Thank you.

**From:** Taylor [mailto:Taylor@thenurselawyer.com]
**Sent:** Tuesday, February 07, 2017   :    AM
**To:** Cynthia Chartak <cchartak@flatrialcounsel.com>
**Subject:** RE: Renee Disparti v State Farm Mutual Automobile Insurance Company

   ood Mornin  ,
      I can offer you April  rd or  th for the deposition of our client.

Thank you,

**\*Please Note Our New Main Office Address\***

The Nurse Lawyer
Taylor Marie

201 Alternate 19 S
Palm Harbor, FL 34683
727-807-6182-Phone
727-848-6182-Fax

---

**From:** Cynthia Chartak [mailto:cchartak@flatrialcounsel.com]
**Sent:** Monday, February   , 2017 10:1   AM
**To:** Taylor <Taylor@thenurselawyer.com>
**Subject:** RE: Renee Disparti v State Farm Mutual Automobile Insurance Company

Good morning,

As requested, below are some additional dates for the deposition of your client, Renee Disparti:

February 21, anytime
February 23, anytime
March 6, pm only (trial caveat)
March 7, anytime (trial caveat)
March 8, anytime (trial caveat)
March 9, anytime (trial caveat)
March 13, pm only
March 14, anytime

As for your request for mediation and trial, please be advised that my attorney will not agree to a mediation or trial date until she has had the chance to depose the Plaintiff and get a better idea of what kind of discovery has to be completed.  If your attorney is willing to wait until after the deposition, my attorney will be more than willing to consider dates at that time.

Thank you!!

Thank you,
Cynthia

Cynthia Chartak, Paralegal to
Karen Barnett and Dawn Myers
**Smoak, Chistolini & Barnett, PLLC**
320 West Kennedy Boulevard
4th Floor
Tampa, Florida 33606
(813) 221-1331 (T)
(813) 223-7881 (F)
E-mail: cchartak@flatrialcounsel.com
Website: www.flatrialcounsel.com



CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) contain information from Smoak, Chistolini & Barnett, PLLC and may be confidential or privileged.  The information is intended for the sole use of the individual or entity named above.  If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of action in reliance upon the communication is strictly prohibited.  Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege as to this communication or otherwise.  If you have received this communication in error, please contact us immediately by return e-mail at administrator@flatrialcounsel.com or by telephone at (813) 221-1331.  Thank you.

**From:** Taylor [mailto:Taylor@thenurselawyer.com]
**Sent:** Thursday, February 02, 2017 12: 0  M
**To:** Cynthia Chartak <cchartak@flatrialcounsel.com>
**Subject:** Renee Disparti v State Farm Mutual Automobile Insurance Company


  ood  Mornin  ,

            e received the letter from your office re  ardin  settin  our clients deposition.   lease provide me with
additional dates as the ones listed are not available.

Also, please provide me with a list of your preferred mediators so I may clear a date on their calendar to hold mediation.

  astly, we would like to know if you will a  ree to stip to a trial date.   ud  e Mansfield has the followin  dates available:
September 18th 2 week docket
   ovember 1  [th] 1 week
December   [th] 1 week

  lease let me know which date  times work best for you.


Thank you,

**\*Please Note Our New Main Office Address\***

The Nurse Lawyer
Taylor Marie
201 Alternate 19 S
Palm Harbor, FL 34683
727-807-6182-Phone
727-848-6182-Fax



# Smoak Chistolini Barnett
## TRIAL AND APPELLATE COUNSEL

320 W. Kennedy Blvd.
4th Floor
Tampa, FL 33606

January 16, 2017

Randy West, Esquire
The Nurse Lawyer, P.A.
5922 Main St.
New Port Richey, FL  34652

Re:         Disparti, Renee v. State Farm
            Our File No.:      SF16-4672
            Claim No.:         59-7J67-123
            Date of Loss:      October 20, 2015

Dear Mr. West,

    I would like to take the deposition of your client in this matter, and I have the following dates available on my calendar.

        February 7, 2017
        February 8, 2017
        February 14, 2017

    Please select one of these dates or call my assistant, Cynthia Chartak, at 813-221-1331 ext. 232 with alternative dates.

    We certainly appreciate your cooperation and assistance concerning this matter.

Sincerely,

*Karen Barnett*

Electronically signed after review by attorney

Karen A. Barnett

KAB/cac

**KAREN A. BARNETT, ESQUIRE**

P  (813) 221-1331
F  (813) 223-7881
E  kbarnett@flatrialcounsel.com
W  www.FlaTrialCounsel.com

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

Renee Disparti,

       Plaintiff,

                                   Case No.:

v.

                                   Division:

State Farm Mutual Automobile
Insurance Company,

       Defendant.
_____/

### Plaintiff, Renee Disparti's First Request for Production to Defendant, State Farm Mutual Automobile Insurance Company

You are hereby requested pursuant to Rule 1.350 F.R.C.P. to produce and permit the Plaintiff or their attorney, to inspect and copy the documents in your possession or control designated on the attached sheet.  The production and inspection, copying, and all acts necessary related thereto shall take place at the office of The Nurse Lawyer, P.A., 5922 Main Street, New Port Richey, FL 34652 commencing at 10:30 a.m., forty-five (45) days after service of these documents and continuing until said inspection, copying and related acts are completed by Plaintiff.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided to the above along with the Summons and Complaint.

Randy West, Esquire
Florida Bar No.: 0172154
The Nurse Lawyer P.A.

201 US 19 Alternate
Palm Harbor, FL 34683
Phone:(727) 807-6182
Fax:(727) 848-6182
service@thenurselawyer.com

## ITEMS TO BE PRODUCED

1. Copy of any and all insurance policies that may provide coverage for the losses as described in Plaintiff's Complaint.

2. Copy of any and all signed selection/rejection forms, notifications of policy changes, amendments and any other correspondence sent from this Defendant to any of the Plaintiffs for a 3-year period prior to the date of the incident described in the Complaint.

3. Electronic and/or colored copies of any and all photographs of any of the vehicles that were involved in the accident.

4. Every repair estimate for any of the vehicles that were involved in the accident.

5. All statements made by the occupants of the motor vehicles involved in the occurrence as prescribed by the Florida Rules of Civil Procedure.

6. All statements made by any witnesses to the occurrence as prescribed by the Florida Rules of Civil Procedure.

7. Any and all statements, as defined in the Florida Rules of Civil procedure, concerning the subject matter of this action previously made by the plaintiff.

8. Any and all photographs taken at the scene of the occurrence which do or might reveal marks, damage or conditions which no longer exist at said scene or which probably no longer exist.

**We prefer records on CD in Adobe or Word format.**

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, STATE OF FLORIDA
CIVIL DIVISION

RENEE DISPARTI,

       Case No.: 16-CA-003768

     Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

     Defendant.

_____/

**DEFENDANT, STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY'S RESPONSE TO PLAINTIFF'S FIRST REQUEST TO PRODUCE**

Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, by and through its undersigned attorney, hereby files its Response to Plaintiff's First Request to Produce propounded concurrently with the Complaint, as follows:

1. **Copy of any and all insurance policies that may provide coverage for the losses as** described in Plaintiff's Complaint.

   **RESPONSE:  All such policies were provided to counsel for Plaintiff prior to the initiation of this action on or about November 9, 2015.  No other policies are applicable.  If an additional copy is required, please advise, as same will need to be requested.**

2. **Copy of any and all signed selection/rejection forms, notifications of policy changes, amendments and any other correspondence sent from this Defendant to any of the Plaintiffs for a 3-year period prior to the date of the incident described in the Complaint.**

   **RESPONSE:**  Objection, irrelevant to any issues in this case and unduly burdensome as to time.  Without waiving this objection, the selection/rejections forms applicable to the time period in question will be gathered and produced upon receipt.

3.      Electronic and/or colored copies of any and all photographs of any of the vehicles that were involved in the accident.

**RESPONSE**: None in Defendant's possession.


4.      Every repair estimate for any of the vehicles that were involved in the accident.

**RESPONSE**: None in Defendant's possession.


5.      All statements made by the occupants of the motor vehicles involved in the occurrence as prescribed by the Florida Rules of Civil Procedure.

**RESPONSE**: None in Defendant's possession.


6.      All statements made by any witnesses to the occurrence as prescribed by the Florida Rules of Civil Procedure.

**RESPONSE**: None in Defendant's possession.


7.      Any and all statements, as defined in the Florida Rules of Civil Procedure, concerning the subject matter of this action previously made by the Plaintiff.

**RESPONSE**: None in Defendant's possession.


8.      Any and all photographs taken at the scene of the occurrence which do or might reveal marks, damage or conditions which no longer exist at said scene or which probably no longer exist.

**RESPONSE**: None in Defendant's possession.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Response to Plaintiff's First Request to Produce **has been furnished via E-Mail this 31st day of January, 2017, to the following: Randy S. West, Esquire, The Nurse Lawyer, P.A.,** service@thenurselawyer.com.

Electronically signed after review by attorney

**KAREN A. BARNETT**
**Florida Bar No.: 390674**
**Smoak, Chistolini & Barnett, PLLC**
**320 W. Kennedy Blvd.**
**4th Floor**
**Tampa, FL  33606**
**(813) 221-1331 Telephone**
**(813) 223-7881 Facsimile**
courtdocuments@flatrialcounsel.com
**Counsel for Defendant**

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

Renee Disparti,

        Plaintiff,

                                     Case No.:

v.

                                     Division:

State Farm Mutual Automobile
Insurance Company,

        Defendant.

_____/

### Plaintiff, Renee Disparti's Interrogatories to Defendant, State Farm Mutual Automobile Insurance Company

    Under authority of Rule 1.340, Florida Rules of Civil Procedure, you are hereby requested to answer in writing and under oath, within forty-five (45) days from the receipt hereof, the attached interrogatories.

    I hereby certify that a true and correct copy of the foregoing was served upon the above along with the Summons and Complaint in this case.

Randy West, Esquire
Florida Bar No.: 0172154
The Nurse Lawyer P.A.
201 US 19 Alternate
Palm Harbor, FL 34683
Phone:(727) 807-6182
Fax:(727) 848-6182
service@thenurselawyer.com

## UNINSURED MOTORIST INTERROGATORIES

1.    Please state the name, address and relationship to defendant of the person answering these interrogatories.

      ANSWER:

2.    Please state whether any insurance agreement or agreements exist under which any person or company carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement; if so

      a.    What is the name of each company who has issued such policy;
      b.    The limits of liability for injury to any one person under the terms of each such policies;
      c.    The limits of liability for injury to more than one person under the terms of each such policy;
      d.    Whether any such insurer has notified you that it claims the policy provisions have been violated or that the policy is otherwise inapplicable to the circumstances of this case, and if so, the date of such notification and the reason given by such insurer for such a claim;
      e.    What is the basis for your answer?

      ANSWER:

3.    Please describe in detail your understanding of how the incident described in the complaint occurred.

ANSWER:

4.    Describe each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing cause of the incident in question.

ANSWER:

5.    Please state whether you contend that any person not involved in this lawsuit was in any way was a contributing cause of the incident in question, if so:
a.    Please state the basis for your answer.

ANSWER:

6.    State the facts upon which you rely for each affirmative defense in your answer.

ANSWER:

7.   List the names and addresses of all persons who are known by you, your
     agents, or your attorneys to have any knowledge concerning any of the
     issues in this lawsuit; and specify the subject matter about which the witness
     has knowledge.

     ANSWER:

8.   Have you heard, or do you know about any statement or remark made by
     or on behalf of any party to this lawsuit, other than yourself, concerning any
     issue in this lawsuit?  If so state the name and address of each person who
     made the statement or statements, the name and address of each person
     who heard it, and the substance of each statement.

     ANSWER:

By: _____
(Sign)

_____
(Print Name)

Its: _____
(Print Title)

STATE OF FLORIDA

COUNTY OF _____

The foregoing instrument was subscribed and sworn to (or affirmed) before me on _____, 20___, by _____ _____, who is personally known to me or who has produced _____ (type of identification) as identification.

_____
Notary Public

My commission expires: _____

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, STATE OF FLORIDA
CIVIL DIVISION

RENEE DISPARTI,

     Plaintiff,

Case No.: 16-CA-003768

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

     Defendant.

_____/

## DEFENDANT'S NOTICE OF SERVING
## VERIFIED ANSWERS TO INITIAL INTERROGATORIES

     Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, by and through its undersigned attorney, hereby gives notice of serving its Verified Answers to Initial Interrogatories, numbering one (1) through eight (8), propounded by Plaintiff concurrently with the Complaint, pursuant to the Florida Rules of Civil Procedure.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via E-Mail this 31st day of January, 2017, to the following: Randy S. West, Esquire, The Nurse Lawyer, P.A., service@thenurselawyer.com.

Electronically signed after review by attorney

**KAREN A. BARNETT**
Florida Bar No.: 390674
Smoak, Chistolini & Barnett, PLLC
320 W. Kennedy Blvd., 4th Floor
Tampa, FL 33606
(813) 221-1331 Telephone
(813) 223-7881 Facsimile
courtdocuments@flatrialcounsel.com
Counsel for Defendant

## DEFENDANT, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S
## VERIFIED ANSWERS TO INITIAL INTERROGATORIES

1.   **Please state the name, address and relationship to defendant of the person answering these interrogatories.**
     **ANSWER:  Mireya Diaz, Claim Representative for State Farm Mutual Automobile Ins. Co. with assistance of counsel.**

2.   **Please state whether any insurance agreement or agreements exist under which any person or company carrying on an insurance business may be liable to satisfy all or party of a judgment which may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement; if so**

     a.   **What is the name of each company who has issued such policy;**
          **ANSWER:   See Declarations of Coverage which is attached hereto and incorporated herein by reference.**

     b.   **The limits of liability for injury to any one person under the terms of each such policies;**
          **ANSWER:   See Declarations of Coverage which is attached hereto and incorporated herein by reference.**

     c.   **The limits of liability for injury to more than one person under the terms of each such policy;**
          **ANSWER:   See Declarations of Coverage which is attached hereto and incorporated herein by reference.**

     d.   **Whether any such insurer has notified you that it claims the policy provisions have been violated or that the policy is otherwise inapplicable to the circumstances of this case, and if so, the date of such notification and the reason given by such insurer for such a claim;**
          **ANSWER:  No.**

     e.   **What is the basis for your answer?**
          **ANSWER:  The Declarations of Coverage speak for themselves.**

3.   **Please describe in detail your understanding of how the incident described in the Complaint occurred.**
     **ANSWER:  I have no personal first hand knowledge of the accident and accordingly cannot give a sworn answer to this interrogatory.**

4.    Describe each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing cause of the incident in question.
      **ANSWER**:  Defendant is not aware of any at this time.


5.    Please state whether you contend that any person not involved in this lawsuit was in any way was a contributing cause of the incident in question. If so:

      a.   Please state the basis for your answer.
           **ANSWER**:  According to Plaintiff's complaint, Mr. Brown was the cause of the accident.  I have no knowledge of other contributing causes to the incident at this time.


6.    State the facts upon which you rely for each affirmative defense in your answer.
      **ANSWER**:  These defenses speak for themselves and are matters of Florida law. Plaintiff received sums in settlement from the tortfeasor, which I understand were the full policy limits.  Plaintiff also received the full amount of her PIP benefits.


7.    List the names and addresses of all persons who are known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.
      **ANSWER**:  Other than persons listed on the accident report and as contained in medical records provided to State Farm to date, none others are known at this time as Defendant has not conducted any discovery at this early phase of the litigation.


8.    Have you heard, or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the substance of each statement.
      **ANSWER**:  None other than histories provided in medical records.

MIREYA DIAZ

STATE OF FLORIDA

COUNTY OF _Miami -Dade_

BEFORE ME, the undersigned authority, personally appeared MIREYA DIAZ, who is personally known to me ___✓___ or who has produced _____ as identification, and who, after being duly sworn, deposes and says that she has read the foregoing Answers to Initial Interrogatories and states the same to be true and correct to the best of her knowledge and belief.

Sworn to and subscribed before me this _26_ day of _January_, 2017.

_Gaye Gould_
NOTARY PUBLIC

_Gaye Gould_
(Print or Type Notary Name)

GAYE GOULD
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF194428
Expires 1/29/2019

My Commission Expires: _1-29-19_

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, STATE OF FLORIDA
CIVIL DIVISION

RENEE DISPARTI,

   Plaintiff,
             Case No.: 16-CA-003768

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

   Defendant.

_____/

## DEFENDANT'S REQUESTS FOR ADMISSION
## AND INTERROGATORIES TO PLAINTIFF, RENEE DISPARTI

Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** by and through its undersigned attorney, requests that the Plaintiff, **RENEE DISPARTI**, make the following admissions under oath, for the purpose of this action; that each of the following statements are true:

1.  At the time of the accident that is the subject of this lawsuit, the vehicle in which you were riding had a fully operational seat belt that was available for your use.

2.  At the time of the accident that is the subject of this lawsuit, the vehicle in which you were riding had a fully operational shoulder harness that was available for your use.

3.  You were not wearing the available and fully operational seat belt at the time of this accident.

4.  You were not wearing the available and fully operational shoulder harness at the time of this accident.

5.  Your failure to use a seat belt or shoulder harness produced or contributed substantially to at least a portion of your claimed damages.

6.     Your failure to use the seat belt as set forth above was unreasonable under the circumstances.

7.     Your failure to use the shoulder harness as set forth above was unreasonable under the circumstances.

8.     That the claims made herein are subject to the provisions of the "Florida Vehicle No-Fault Law."

9.     Please admit that you have not subrogated any portion of your claim for hospital, medical or other expenses to any entity, including any insurance company or companies under any insurance policy, in connection with the injuries allegedly sustained as a result of the incident alleged in the Complaint.

10.    Please admit that there are no liens of any kind (including, but not limited to, Workers' Compensation liens, attorney liens, judgment liens, Federal liens, including Medicare and Internal Revenue Service) that will attach to any monetary proceeds which may be recovered in this case by you as a result of the incident alleged herein.

11.    Please admit that you have not incurred any lost wages as a result of the incident alleged herein.

12.    Please admit that all lost wages incurred by you in connection with the injuries you allegedly sustained as a result of the incident alleged herein have been paid or are payable by collateral sources.

13.    Please admit that all medical bills and health care expenses incurred by you in connection with the injuries you allegedly sustained as a result of the incident alleged herein are payable by collateral sources.

14.    Please admit that all medical bills and health care expenses incurred by you in

connection with the injuries you allegedly sustained as a result of the incident alleged herein have

been paid by collateral sources.

15.     Admit that you are seeking in excess of $75,000 in damages in this case.

## **REQUESTS FOR ADMISSION INTERROGATORIES**

1.     If you deny the Requests for Admission #13 or #14, please set forth, with particularity, the name of each and every medical or health care provider and the total amount of each provider's medical bill which you are claiming has not been paid by collateral sources.

2.     As to the Requests for Admission #13 or #14 as well as the Request for Admission Interrogatory #1, please set forth, with particularity, each and every medical bill and/or health care expense that has been paid, either in whole or in part, by insurance, persons, agencies, corporations, etc., listing the amount of each payment, by whom payment was made and any adjustments/write-offs made to the bill.

3      If you deny the Requests for Admission #11 or 12, please set forth, with particularity, the dates and amounts from each employer of the lost wages you are claiming, and amounts paid by any source.

4.     For any request for admission that you deny, please give the entire factual basis of that denial; the name, address and substance of any expected testimony of any witness who will support that denial; and identify, sufficient to formulate the basis for a request for production, any document that will support that denial.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished

via E-Mail this 17th day of January, 2017, to the following: Randy S. West, Esquire, The Nurse

Lawyer, P.A., service@thenurselawyer.com.

*Karen Barnett*

Electronically signed after review by attorney

**KAREN A. BARNETT**
Florida Bar No.: 390674
**Smoak, Chistolini & Barnett, PLLC**
320 W. Kennedy Blvd.
4th Floor
Tampa, FL  33606
(813) 221-1331 Telephone
(813) 223-7881 Facsimile
courtdocuments@flatrialcounsel.com
**Counsel for Defendant**

IN T E CI C IT CO  T OF T E SI T     DICIAL CI C IT
IN AND FO  PASCO CO  NTY, FLO IDA
CI IL DI ISION

enee Disparti,

    Plaintiff,

v.                                                    Case No.:   16-CA-003768

State Farm Mutual Automobile
Insurance Company,

    Defendant.

**Plainti , enee is arti s oti e o Ser in  es onse to  e en ant, State arm  t al  tomo ile ns ran e Com an s e ests or  missions**

    Comes now the Plaintiff,  enee Disparti, by and through the undersigned attorney, and hereby files notice of serving responses to re uests for admissions propounded by the Defendant, State Farm Mutual Automobile Insurance Company, dated  anuary 17, 2017, number 1 through 1 , as follows:

1.    At the time of the accident that is the sub ect of this lawsuit, the vehicle in which you were riding had a fully operational seat belt that was available for your use.

    **ns er**

    **Plainti  has ma e reasona le in ir an  the in ormation kno n or rea il a aila le to Plainti  is ins i ient to ena le Plainti  to a mit or en**

2.    At the time of the accident that is the sub ect of this lawsuit, the vehicle in which you were riding had a fully operational shoulder harness that was available for your use.

    **ns er**

    **Plainti  has ma e reasona le in ir an  the in ormation kno n or rea il a aila le to Plainti  is ins i ient to ena le Plainti  to a mit or en**

3.    You were not wearing the available and fully operational seat belt at the time of this accident.

   **ns er**

     **en**

4.    You were not wearing the available and fully operational shoulder harness at the time of this accident.

   **ns er**

     **en**

.    Your failure to use a seat belt or shoulder harness produced or contributed substantially to at least a portion of your claimed damages.

   **ns er**

     **en**

6.    Your failure to use the seat belt as set forth above was unreasonable under the circumstances.

   **ns er**

     **en**

7.    Your failure to use the shoulder harness as set forth above was unreasonable under the circumstances.

   **ns er**

     **en**

8.    That the claims made herein are sub ect to the provisions of the  Florida ehicle No-Fault Law.

   **ns er**

     **mit**

. Please admit that you have not subrogated any portion of your claim for hospital, medical or other e penses to any entity, including any insurance company or companies under any insurance policy, in connection with the in uries allegedly sustained as a result of the incident alleged in the Complaint.

**ns er**

**en**

10. Please admit that there are no liens of any kind (including, but not limited to, Workers Compensation liens, attorney liens, udgment liens, Federal liens, including Medicare and Internal evenue Service) that will attach to any monetary proceeds which may be recovered in this case by you as a result of the incident alleged herein.

**ns er**

**en**

11. Please admit that you have not incurred any lost wages as a result of the incident alleged herein.

**ns er**

**en**

12. Please admit that all lost wages incurred by you in connection with the in uries you allegedly sustained as a result of the incident alleged herein have been paid or are payable by collateral sources.

**ns er**

**en**

13. Please admit that all medical bills and health care e penses incurred by you in connection with the in uries you allegedly sustained as a result of the incident alleged herein are payable by collateral sources.

**ns er**

**en**

14.     Please admit that all medical bills and health care e penses incurred by you in connection with the in uries you allegedly sustained as a result of the incident alleged herein have been paid by collateral sources.

   **ns er**

   **en**

1 .     Admit that you are seeking in e cess of   7 ,000 in damages in this case.

   **ns er**

   **mit**

                              **S S        SS                   S**

1.      If you deny the  e uests for Admission   13 or   14, please set forth, with particularity, the name of each and every medical or health care provider and the total amount of each provider s medical bill which you are claiming has not been paid by collateral sources.

   **S     Please see atta he me i al ills an lien noti e**

2.      As to the  e uests for Admission   13 or   14 as well as the  e uest for Admission Interrogatory   1, please set forth, with particularity, each and every medical bill and or health care e pense that has been paid, either in whole or in part, by insurance, persons, agencies, corporations, etc., listing the amount of each payment, by whom payment was made and any ad ustments writeoffs made to the bill.

   **S     Please see atta he me i al ills an lien noti e**

3       If you deny the  e uests for Admission   11 or 12, please set forth, with particularity, the dates and amounts from each employer of the lost wages you are claiming, and amounts paid by any source.

   **S       he metho  amo nt o lost  a es ill e etermine     the a ro riate e ert**

4.      For any re uest for admission that you deny, please give the entire factual basis of that denial  the name, address and substance of any e pected testimony of any witness who will support that denial  and identify, sufficient to formulate the basis for a re uest for production, any document that will support that denial.

        S

        s to n m ers      , lease see atta he me i al ills  rthermore, the a  ro riate  itnesses an  e erts  ill e etermine in a  or an e  ith the Co rt s  r er Settin  Ca se or  rial an  Pre rial

### Certi i ate o Ser i e

        I hereby certify that on February 1 , 2017, a true and correct copy of the above and foregoing has been electronically filed using the Florida Court s E-Filing Portal System in compliance with  ule 2. 16, which will send notification of such filing and copies to: Karen A. Barnett, Es  uire, Smoak, Shistolini & Barnett, PLLC,  320  W.  Kennedy  Blvd.,  4th  Floor,  Tampa,  FL   33606, courtdocuments@flatrialcounsel.com.


        Maryann Furman,  N, Es .
        Florida Bar No.: 0026 3
        The Nurse Lawyer P.A.
        201  S 1  Alternate
        Palm  arbor, FL 34683
        Phone:(727) 807-6182
        Fa :(727) 848-6182
        Service Email:
        service@thenurselawyer.com
        Attorney for the Plaintiff

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, STATE OF FLORIDA
CIVIL DIVISION

RENEE DISPARTI,

   Plaintiff,

            Case No.: 16-CA-003768

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

   Defendant.

_____/

### DEFENDANT'S NOTICE OF PROPOUNDING INITIAL INTERROGATORIES TO PLAINTIFF, RENEE DISPARTI

Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, by and through its undersigned attorney, hereby gives notice of propounding on this date the original and one copy of Initial Interrogatories to Plaintiff, **RENEE DISPARTI**, numbering 1 through 30, together with this Notice of Propounding, in accordance with the applicable Florida Rules of Civil Procedure, to be answered under oath and in writing within thirty (30) days after service thereof.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via E-Mail this 17th day of January, 2017, to the following: Randy S. West, Esquire, The Nurse Lawyer, P.A., service@thenurselawyer.com.

*Karen Barnett*

Electronically signed after review by attorney

_____

**KAREN A. BARNETT**
Florida Bar No.: 390674
**Smoak, Chistolini & Barnett, PLLC**
320 W. Kennedy Blvd.

4th Floor
Tampa, FL  33606
(813) 221-1331 Telephone
(813) 223-7881 Facsimile
courtdocuments@flatrialcounsel.com
**Counsel for Defendant**

## **INITIAL INTERROGATORIES TO PLAINTIFF, RENEE DISPARTI**

1.     What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.     List the names, business addresses, dates of employment and rates of pay regarding all employers, including self-employment, for whom you have worked in the past ten years.

3.     List all former names and when you were known by those names.  State all addresses where you have lived for the past ten years, the dates you lived at each address, your social security number, your date of birth, and if you are or have ever been married, the name of your spouse or spouses.  List all social networking sites of which you are or have been a member for the last four (4) years, i.e., Facebook, MySpace, Twitter, etc.

       a.  Provide your email address and password for each of the social networking sites listed above.

4.     Do you wear glasses, contact lenses or hearing aids?  If so, who prescribed them; when were they prescribed; when were your eyes or ears last examined; and what is the name and address of the examiner?

5.     Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of one year, or that involved dishonesty or a false statement regardless of the punishment?  If so, state as to each conviction, the specific crime, the date and the place of conviction.

6.     Were you suffering from physical infirmity, disability, or sickness at the time of the incident described in the complaint?  If so, what was the nature of the infirmity, disability, or sickness?

7.     Did you consume any alcoholic beverages or take any drugs or medication within twelve hours before the time of the incident described in the complaint?  If so, state the type and amount of alcoholic beverages, drugs or medication which were consumed and when and where you consumed them.

8.     Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident.

9.     Describe in detail each act or omission on the part of any party to this lawsuit which you contend constituted negligence that was a contributing legal cause of the incident in question.

10.     Were you charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the complaint?  If so, what was the nature of the charge; what plea, or answer, if any, did you enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding this charge, and if so, what is the name and address of the person or entity that prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what was the name and address of the person who recorded the testimony?

11.     Describe each injury for which you are claiming damages in this case, specifying the part of your body that was injured, the nature of the injury, and, as to any injuries you contend are permanent, the effects on you that you claim are permanent.

12.     List each item of expense or damage, other than loss of income or earning capacity, that you claim to have incurred as a result of the incident described in the complaint, giving for each item the date incurred, the name and business address to whom each was paid or is owed, and the goods or services for which each was incurred.

13.     Do you contend that you have lost any income, benefits, or earning capacity in the past or future as a result of the incident described in the complaint?  If so, state the nature of the income, benefits, or earning capacity, and the amount and the method that you used in computing the amount.

14.    Has anything been paid or is anything payable from any third party for the damages listed in your answers to these interrogatories?  If so, set forth, with particularity, the providers, amount of each medical bill, amount paid and/or payable and by whom, amount of any liens, the name of the lien holder, and the amount of any outstanding balances.

15.    List the names and business addresses of each physician who has treated or examined you, and each medical facility where you have received any treatment or examination for the injuries for which you seek damages in this case; and state as to each the date of treatment or examination and the injury or condition for which you were examined or treated.

16.    List the names and business addresses of all other physicians, medical facilities or other health care providers by whom or at which you have been examined or treated in the past ten years, including any health providers in the dental and/or psychological or psychiatric fields; and state as to each the dates of examination or treatment and the condition or injury for which you were examined or treated.

17.    List the names and addresses of all persons who are believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

18.    Have you heard or do you know about any statement or remark made by or on behalf of

any party to this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place and substance of each statement.  Dade County School Board v. Roberto Soler 534 So.2d 884 (Fla. 3rd DCA 1988).

19.   State the name and address of every person known to you, your agents, or attorneys, who has knowledge about, or possession, custody or control of any model, plat, map, drawing, motion picture, video tape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

20.   Do you intend to call any expert witnesses at the trial of this case?  If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

21.   Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case?  If so, state the terms of the agreement and the parties to it.

22.   Please state if you have ever been a party, either plaintiff or defendant, in a claim or lawsuit

other than the present matter and if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

23.    Please enumerate and describe any accidents, automobile or other kinds, prior or subsequent to the incident in the Complaint, in which you were injured, and include in your answer the name, address and telephone number of each hospital, physician or other health care provider who treated you or examined you for said injuries.

24.    State the extent of your education, giving names and addresses of all schools, colleges, universities, vocational schools, or other institutions attended and the years attended, as well as stating any degrees, certifications, or licenses (other than driver's license) which you have received.

25.    Please state the name, address and policy number of any insurance companies who have provided your health or disability benefits for the past ten (10) years.  If the insurance was procured through another person's name, such as your spouse, please indicate same in your answer.

26.    If you, your attorney, or agents know of any statement from any person who has knowledge

concerning the facts involved in this lawsuit, including eyewitnesses, experts expected to testify at trial, and any others with knowledge of the facts and circumstances surrounding this suit, state the name and address of the person who took each statement, the date each statement was taken, and the form of the statement (that is, whether oral, written, stenographic, etc.).  <u>Dade County School Board v. Roberto Soler</u> 534 So.2d 884 (Fla. 3rd DCA 1988).

27.     With respect to any injuries or symptoms which you claim to have sustained as a result of this accident, please state whether you at any other time ever had any similar injury to, or similar symptom of the same or similar area of your body and if so, itemize each such injury or symptom, the part of your body involved, the date and duration of such injury or symptom and the names and address of any physicians or hospitals that treated you for it.

28.     Please identify any MRI's, x-rays or any and all diagnostic tests (including electro-diagnostic tests) which you have had performed during the past ten (10) years, stating the type of test that was performed, the name of the institution where this MRI, x-ray or diagnostic test was performed and the date (or approximate date or year) when this MRI, x-ray or diagnostic test was performed.

29.     List the names and business addresses of all pharmacies, prescription plans, medical

facilities or other health care facilities by whom or at which you have had prescriptions filled for the injuries for which you seek damages in this case. Provide the name and address of the prescriber, the dosage, number of tablets and frequency taken, and the cost of the medication:

30.    Please identify the name of your cell phone provider at the time of the accident and list the following:

    a.   The cell phone number;

    b.   The account number; and

    c.   The name of your cell phone account holder.

**RENEE DISPARTI**

STATE OF FLORIDA

COUNTY OF _____

      BEFORE ME, the undersigned authority, personally appeared RENEE DISPARTI, who is personally known to me ____ or who has produced _____ (type of identification), and who, after being duly sworn, deposes and says that she is the Plaintiff in the above-styled cause, has read the foregoing Answers to Interrogatories, and states the same to be true and correct to the best of her knowledge and belief.

      Sworn to and subscribed before me this _____ day of _____, 2017.

_____
**NOTARY PUBLIC**

_____
(Print or Type Notary Name)

NOTARIAL SEAL:

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

Renee Disparti,

      Plaintiff,

v.                                              Case No.:   16-CA-003768

State Farm Mutual Automobile
Insurance Company,

      Defendant.

### Plaintiff's Notice of Serving Answers to Defendant's Interrogatories

Comes now the Plaintiff, Renee Disparti, by and through her undersigned attorney, and hereby files notice of serving her answers to Interrogatories propounded by the Defendant, State Farm Mutual Automobile Insurance Company, dated January 17, 2017, numbered 1 through 30.

### Certificate of Service

I hereby certify that on Wednesday, February 1 , 2017, a true and correct copy of the above and foregoing has been electronically filed using the Florida Court's E-Filing Portal System in compliance with Rule 2.16, which will send notification of such filing and copies to: Karen A. Barnett, Esquire, Smoak, Shistolini & Barnett, PLLC, 320 W. Kennedy Blvd., 4th Floor, Tampa, FL 33606, courtdocuments@flatrialcounsel.com.

Maryann Furman, RN, Esq.
Florida Bar No.: 0026 3
The Nurse Lawyer P.A.
201 S 1 Alternate
Palm Harbor, FL 34683
Phone:(727) 807-6182
Fax :(727) 848-6182
Service Email:
service@thenurselawyer.com



1.    What is the name and address of the person answering these interrogatories, and if applicable, the person s official position or relationship with the party to whom the interrogatories are directed.

**S**

**enee  is arti**

**n a  ition,  ha  the assistan e o m  o nsel in the  re aration o this  o  ment**

2.    List the names, business addresses, dates of employment, and rates of pay regarding all employers, including self-employment, for whom you have worked in the past ten (10) years.

**S**

**o the  est o m  re olle tion, the ollo in are m  em lo ers  o  e er, i a  is re an  e ists et een this ans er an  m  re or s,  e er to the  a  ra o m re or s**

| m lo er  ress | ate o Pa | ate o  m lo ment |
|---|---|---|
| Lan on Plasti  S r er<br>  ellness Lane<br>rinit , L | ho r | e em er<br>resent |

3.    List all former names and when you were known by those names.  State all addresses where you have lived for the past ten (10) years, the dates you lived at each address, your Social Security number, your date of birth, and, if you are or have even been married, the name of your spouse or spouses. List all social networking sites of which you are or have been a member for the last four (4) years, i.e., Facebook, MySpace, Twitter, etc.

        a. Provide your email address and password for each of the social networking sites listed above.

S

ormer  ames       enee  le er
So  ial Se  rit    m  er     all Plainti  s  onsel s o  i e  ire tl  or SS
 ate o  Birth
S  o  se

 o the   est o  m  re  olle tion, the  ollo  in  are a   resses  or the   ast ten
  ears        o  e er, i  a  is re  an   e ists  et  een this ans  er an  m
 re  or  s,    e er to the a   ra   o  m   re  or s

a        e  tion  ele  an  , o  er  roa  , a  e, harassin , an  is inten  e
   to anno , em arrass, an  o   ress the Plainti  rather than o tain
   in ormation reasona l   al late  to lea  to the  is o  er  o
   a  missi le e i en e    itionall , the in ormation re  este  also
    elon s to in i i  als that are not   arties or in  re   arties in this
    ase    rthermore, this  t  e o   lanket re  est  or  nrestri te
   a  ess to Plainti  s  om   ter s stem an  ele troni   orres on en  e
   has   een hel  to  e im ro erl  o  er  roa  an   iolati e o  the
   attorne   lient  ri ile e, an   a  liti ant s ri ht to  on i entialit  an
    inan ial  ri a    Plainti  also asserts all ri hts a aila le to her
     rs  ant to    S C          , the Store  Comm ni ations    t
   Plainti    rther o  e ts as Plainti  has a ri ht to  ri a    n er the Bill
   o   i hts an   the  lori a Constit tion, an  Plainti  has the ri ht to
    e er ise her  irst   men ment ri hts, as   ell,   hi h e ten s to the
     nternet   inall , the a o e re eren e  re  est is  learl  a  ishin
    e e ition on  ehal o  the  e en ant s attorne    here has  een
   no sho in   o  rele an e or  otential rele an e   et  een  i  t res
   taken   rior or s   se  ent to the s  e t  ate o  loss an  the iss es
   in ol e  in this la  s it    itionall , the  e en ant has ma e no
   attem t     a  o  interro atories or re  ests  or  ro   tion to
    etermine   hether there are s  h  o  ments or  i t res in
    e isten e

4.    Do you wear glasses, contact lenses or hearing aids   If so, who prescribed
       them   when  where  they  prescribed   when  were  your  eyes  or  ears  last
       e amined  and what is the name and address of the e aminer

       S

         o



.       ave you ever been convicted of a crime, other than any  uvenile ad udication, which under the law which you were convicted was punishable by death or imprisonment in e cess of one (1) year, or that involved dishonesty or a false statement regardless of the punishment   If so, state as to each conviction the specific crime, and the date and place of conviction.



    S

    o

6.      Were you suffering from physical infirmity, disability, or sickness at the time of the incident described in the complaint   If so, what was the nature of the infirmity, disability, or sickness

    S

    o

7.      Did you consume any alcoholic beverages or take any drugs or medications within twelve (12) hours before the time of the incident described in the complaint   If so, state the type and amount of the alcoholic beverages, drugs, or medication which were consumed, and when and where you consumed them.

    S

    o

8.      Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident.



    S

as at a  om lete sto  at a re  li ht at the interse tion o  i  e    an  S     in Port  i  he   hen    as rear en e   here   as nothin    o l  o  to  re ent the in i ent

.       Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in    uestion.

        S

        **Please see the alle ations set orth in the Com laint  is o er  is in its earl sta es an    rther a ts o ne li en e on the  art o this  e en ant or others ma  e is o ere as  is o er  ontin es**

10.     Were you charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the complaint  If so, what was the nature of the charge  what plea, or answer, if any, did you enter to the charge  what court or agency heard the charge  was any written report prepared by anyone regarding this charge, and if so, what is the name and address of the person or entity that prepared the report  do you have a copy of the report  and was the testimony at any trial, hearing or other proceeding on the charge recorded in any manner, and if so, what was the name and address of the person who recorded the testimony

        S

        o

11.     Describe each in ury for which you are claiming damages in this case, specifying the part of the body that was in ured, the nature of the in ury, and, as to any in uries you contend are permanent, and the effects on you that you claim are permanent.

        S

        **he  ll e tent o the in ries that  s ere as a res lt o this a  i ent are not  ll kno n an  n erstoo   me an   e er the iss e o  ermanen  to m treatin  h si ians  P rs ant to the  lori a  les o Ci il Pro e re      lease re er to m  me i al re or s or a  om lete es ri tion o the in ries  n a ition, the in ormation re este  in this interro ator  an e taken rom Plainti s me i al re or s that  e en ant has a reasona le o  ort nit  to o tain thro h non art  ro   tion or thro h Plainti s es onse to  e en ant s  e est or Pro    tion**

        **o e er, to the  est o m  kno le e s ere in ries to m ne k, a k an  ri ht knee**

12.    List each item of e pense or damage, other than loss of income or earning capacity that you claim to have incurred as a result of the incident described in the complaint, giving for each item the date incurred, the name and business address of the person or entity to whom each was paid or is owed, and the goods or services for which each was incurred.

    __S____

o the est o m re olle tion, the ollo in are m me i al ro i ers o e er, i there is a is re an et een the amo nts is lose in m res onses, an illin re or s rom ro i ers, then e er to the ate illin re or s

| e i al Pro i er | Char es |
|---|---|
| lori a ellness e i al ro | |
| reater lori a nesthesia | , |
| at rtho e i nstit te | , |
| e i al Center o rinit | , |
| orton Plant os ital | , |
| Pas o ma in sso iates | |
| ose a iolo | , |
| S ine an rtho e i Center | , |
| or ert mer en Ph si ians | , |
| rinit S ine Center | , |

| otal | , |
|------|---|

he in ormation re este in this interro ator an e o taine rom Plainti s
me i al ills hi h e en ant an o tain thro h non art ro tion or
thro h Plainti s es onse to e en ant s e est or Pro tion

13. Do you contend that you have lost any income, benefits, or earning capacity in the past or future as a result of the incident described in the complaint   If so, state the nature of the income, benefits, or earning capacity, and the amount and the method that you used in computing the amount.

_____S_____

es, ho e er the metho o om tation an amo nt ill e etermine
the a ro riate e ert

14. as anything been paid or is anything payable from any third party for the damages listed in your answers to these interrogatories   If so, state the amounts paid or payable the name and business address of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation.

_____S_____

o the est o m kno le e some o m me i al ills ha e een ai
m P P arrier, an ossi l m health ins ran e arrier ho e er, the
e a t amo nts are not kno n me Please see Plainti s me i al ills hi h
ha e een ro i e in Plainti s es onse to e est or Pro tion

1 . List the names and business addresses of each physician who has treated or e amined you, and each medical facility where you have received any treatment or e amination for the in uries for which you seek damages in this case  and state as to each the date of treatment or e amination and the in ury or condition for which you were e amined or treated.

_____S_____

See ns er to nterro ator a o e

16.   List the names and business addresses of all other physicians, medical facilities, or other health care providers by whom or at which you have been e amined or treated in the past 10 years  and state as to each the dates of e amination or treatment and the condition or in ury for which you were e amined or treated.

   **S**

   o the est o m re olle tion, the ollo in are m me i al ro i ers or the last ten    ears  o e er, i a is re an   et een this ans er o m ro i ers an m me i al re or s, then   e er to the me i al re or s

| e i al Pro i er | ates | reatment Con ition |
|---|---|---|
| r ael llis<br>    S i h a    , Ste<br>Palm ar or, L | ario s | PCP |
| r ar osko it<br> orton Plant os ital<br>    Pinellas Street<br>Clear ater, L | an | Prior ne k an a k<br>s r er |

   **P rs ant to  CP    ,  lease re er to me i al re or s or  etails o treatment**

17.   List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have knowledge concerning any of the issues in this lawsuit  and specifically, the sub ect matter about which the witness has knowledge.

   **S**

   Plainti  ill ile a  itness list in a  or an e  ith the  r er Settin  Ca se or rial an  Pre rial  ther ise, the  itnesses kno n to  ate are the ollo in

         he arties an  their attorne s
         he in esti atin  oli e o i er
         hose liste  on the  rash re ort an
            treatin  h si ians

   is o er is in its earl sta es an  rther ersons  ith kno le e ma e

**is o ere as is o er   ontin es**

18.     ave you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit   If so, state the name and address of each person who made the statement or statements, the name and address or each person who heard it, and the date, time, place, and substance of each statement.

_____S_____

o

1 .    State the name and address or every person know to you, your agents, or your attorneys, who has knowledge about or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy  and describe as to each, what item such person has, the name and address or the person who took or prepared it, and the date it was taken or prepared.

_____S_____

**is o er is still on oin   o e er, the ollo in   ersons ha e kno le  e, ossession,   sto  an or ontrol o  ra in s  on ernin  the iss es in this la s it**

**he  arties an  their attorne s an**
**he in esti atin   oli e o i er  oli e re ort ia ram**

20.    Do you intend to call any e pert witness at the trial of this case   If so, state as to each such witness the name and business address of the witness, the witness s  ualifications as an e pert, the sub ect matter upon which the witness is e pected to testify, and a summary of the grounds for each opinion.

_____S_____

**t is n etermine  at this time  hi h e  ert itnesses ill e se  at the trial o  this matter   o e er, those inten e  or se at trial  ill e ro i e in  om lian e  ith the Co rt s  r er Settin  Ca se or rial an  Pre rial P rs ant to _rant     ole ie ski_, So  la  C  , Plainti s treatin  h si ians are not eeme  e ert itnesses**

21.     ave you made an agreement with anyone that would limit that party s liability to anyone for any of the damages sued upon in this case   If so, state the terms of the agreement and the parties to it.

__S__

o

22. Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which suit was filed.

__S__

o

23. Please enumerate and describe any accidents, automobile or other kinds, prior or subse uent to the incident in the Complaint, in which you were in ured, and include in your answer the name, address and telephone number of each hospital, physician or other health care provider who treated you or e amined you for said in uries.

__S__



n      as in ol e  in a motor  ehi le a i ent on  nn     here  as rear en e   n er ent a l m ars r er  hi h as er orme     r  ar  osko it at  orton Plant os ital

n      as in ol e  in a motor  ehi le a i ent near ar on  en e an     llen Booth oa   n er ent a ne k s r er  hi h as also  er orme   r ar  osko it

24. State the e tent of your education, giving names and addresses of all schools, colleges, universities, vocational schools, or other institutions attended and the years attended, as well as stating any degrees, certifications, or licenses (other than driver s license) which you have received.

__S__

I i h S hool,   S hool  ,  e  Port i he , L  Lar o e i al ssistant rainin , Lar o, L  lose  o n

2 . Please state the name, address and policy number of any insurance companies who have provided your health or disability benefits for the past

ten (10) years. If the insurance was procured through another person s name, such as your spouse, please indicate same in your answer.

_____S_____

lori a Bl e    em er    m er

**State arm Poli        m er**

26.   If you, your attorney, or agents know of any statement from any person who has knowledge concerning the facts involved in this lawsuit, including eyewitnesses, e perts e pected to testify at trial, and any others with knowledge of the facts and circumstances surrounding this suit, state the name and address of the person who took each statement, the date each statement was taken, and the form of the statement (that is, whether oral, written, stenographic, etc.). Dade County School Board v.  oberto Soler  34 So.2d 884 (Fla. 3rd DCA 1 88).

_____S_____

am not a are o an  statements ma e rom an   erson on ernin  this la s it

27.   With respect to any in uries or symptoms which you claim to have sustained as a result of this accident, please state whether you at any other time ever had any similar in ury to, or similar symptom of the same or similar area of your body and if so, itemi e each such in ury or symptom, the part of your body involved, the date and duration of such in ury or symptom and the names and address of any physicians or hospitals that treated you for it.

_____S_____

es, ha a rior ne k an  a k s r eries as es ri e in m ans er to

28.   Please identify any M Is,  -rays or any and all diagnostic tests (including electro diagnostic tests) which you have had performed during the past ten (10) years, stating the type of test that was performed, the name of the institution where this M I,  -ray or diagnostic test was performed and the date (or appro imate date or year) when this M I,  -ray or diagnostic test was performed.

**S**

s   ose  a  iolo

2  .   List the names and business addresses of all pharmacies, prescription plans, medical facilities or other health care facilities by whom or at which you have had prescriptions filled for the in uries for which you seek damages in this case. Provide the name and address of the prescriber, the dosage, number of tablets and fre  uency taken, and the cost of the medication:

**S**

**al  reens, Little  oa  ,  e  Port  i  he  , L**

30.   Please identify the name of your cell phone provider at the time of the accident and list the following:

        a. The cell phone number
        b. The account number  and
        c. The name of your cell phone account holder.



eri  on

Signature

Renee Disparti
Printed Name

STATE OF FLORIDA
COUNTY OF Pasco

BEFORE ME, the undersigned authority, personally appeared Renee Disparti _____, who is personally known to me or who furnished identification in the form of _____ and who, after being duly sworn, deposes and says that the foregoing is true and correct to the best of his/her knowledge, information and belief, and that he/she subscribed his/her name hereto in certification thereof.

WITNESS my hand and seal this 14th day of November, 2016.

Signature of Notary
My Commission Number
My Commission Expires

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

Renee Disparti,

    Plaintiff,

v.                      Case No.:  16-CA-003768

State Farm Mutual Automobile
Insurance Company,

    Defendant.

**Plaintiff's Notice of Serving Amended Answers to Defendant's Interrogatories**

Comes now the Plaintiff, Renee Disparti, by and through her undersigned attorney, and hereby files notice of serving her amended answers to Interrogatories propounded by the Defendant, State Farm Mutual Automobile Insurance Company, dated January 17, 2017, numbered 1 through 30.

**Certificate of Service**

I hereby certify that on February 27, 2017, a true and correct copy of the above and foregoing has been electronically filed using the Florida Court's E-Filing Portal System in compliance with Rule 2.516, which will send notification of such filing and copies to: Karen A. Barnett, Esquire, Smoak, Shistolini & Barnett, PLLC, 320 W. Kennedy Blvd., 4th Floor, Tampa, FL 33606, courtdocuments@flatrialcounsel.com.

Maryann Furman, RN, Esq.
Florida Bar No.: 002663
The Nurse Lawyer P.A.
201 S 1 Alternate
Palm Harbor, FL 34683
Phone:(727) 807-6182
Fax :(727) 848-6182
Service Email:
service@thenurselawyer.com



1.    What is the name and address of the person answering these interrogatories, and if applicable, the person s official position or relationship with the party to whom the interrogatories are directed.

     __S____
      enee  is arti


      n a  ition,  ha  the assistan e o m   o nsel in the  re aration o this
      o   ment

2.    List the names, business addresses, dates of employment, and rates of pay regarding all employers, including self-employment, for whom you have worked in the past ten (10) years.

     __S____

      o the  est o m  re olle tion, the  ollo in  are m  em lo ers   o e er, i
      a  is re an  e ists  et een this ans er an  m  re or s,   e er to the
      a  ra  o m re or s

| m lo er     ress | ate o Pa | ate o  m lo ment |
|---|---|---|
| Lan on Plasti  S r er<br>    ellness Lane<br> rinit , L | ho r | e em er<br>resent |

3.    List all former names and when you were known by those names.  State all addresses where you have lived for the past ten (10) years, the dates you lived at each address, your Social Security number, your date of birth, and, if you are or have even been married, the name of your spouse or spouses. List all social networking sites of which you are or have been a member for the last four (4) years, i.e., Facebook, MySpace, Twitter, etc.

          a. Provide your email address and password for each of the social networking sites listed above.

     __S____

      ormer  ames    enee le er
      So ial Se rit  m er   all Plainti s onsel o i e ire tl  or SS

ate o  Birth

S  o se


o the  est o m  re  olle tion, the  ollo in  are a  resses or the  ast ten
ears      o  er, i a  is re an  e ists et een this ans er an  m
re or s,  e er to the a  ra  o m re or s


a      e tion    ele an , o er roa ,  a e, harassin , an   is
inten e  to anno , em arrass, an  o  ress the Plainti  rather than
o tain in ormation reasona l  al late to lea  to the  is o er
o a missi le e i en e       itionall , the in ormation re  este
also  elon s to in i i als that are not  arties or in re  arties in
this  ase   rthermore, this t e o  lanket re  est or  nrestri te
a ess to  Plainti s  om ter s stem  an  ele troni
orres on en e has  een hel  to  e im ro erl  o er roa  an
iolati e o the attorne   lient  ri ile e, an  a liti ants ri ht to
on i entialit an  inan ial ri a  Plainti  also asserts all ri hts
a aila le to her  rs ant to      S C       , the Store
Comm ni ations  t  Plainti   rther o e ts as Plainti  has a ri ht
to  ri a  n er the Bill o  i hts an  the  lori a Constit tion, an
Plainti  has the ri ht to e er ise her  irst  men ment ri hts, as  ell,
hi h e ten s to the nternet  inall , the a o e re eren e re  est
is  learl  a  ishin  e  e ition on  ehal  o the  e en ant s
attorne  here has  een no sho in  o  rele an e or  otential
rele an e  et een  i t res taken  rior or s  se  ent to the
s  et ate o  loss an  the iss es in ol e  in this la s it
itionall , the  e en ant has ma e no attem t      a o
interro atories or re  ests or  ro  tion to  etermine  hether
there are s  h o  ments or  i t res in e isten e


4.     Do you wear glasses, contact lenses or hearing aids  If so, who prescribed
them  when where they prescribed  when were your eyes or ears last
e amined  and what is the name and address of the e aminer


    S

    o


.    ave you ever been convicted of a crime, other than any  uvenile
ad udication, which under the law which you were convicted was
punishable by death or imprisonment in e cess of one (1) year, or that
involved dishonesty or a false statement regardless of the punishment   If
so, state as to each conviction the specific crime, and the date and place
of conviction.

__S_____

o

6.      Were you suffering from physical infirmity, disability, or sickness at the time of the incident described in the complaint    If so, what was the nature of the infirmity, disability, or sickness

__S_____

o

7.      Did you consume any alcoholic beverages or take any drugs or medications within twelve (12) hours before the time of the incident described in the complaint  If so, state the type and amount of the alcoholic beverages, drugs, or medication which were consumed, and when and where you consumed them.

__S_____

o

8.      Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident.

__S_____

**as at a  om lete sto  at a re  li ht at the interse tion o  i e     an S        in Port  i he   hen   as rear en e   here  as nothin    o l  o to  re ent the in  i ent**

.      Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in   uestion.

__S_____

**Please see the alle  ations set  orth in the Com  laint   is o er  is in its earl  sta es an    rther a ts o   ne li en e on the   art o  this   e en ant or others ma   e  is o ere  as  is o er   ontin es**

10.     Were you charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the complaint    If so, what was the nature of the charge  what plea, or answer, if any, did you enter to the charge  what court or agency heard the charge  was any

written report prepared by anyone regarding this charge, and if so, what is the name and address of the person or entity that prepared the report  do you have a copy of the report  and was the testimony at any trial, hearing or other proceeding on the charge recorded in any manner, and if so, what was the name and address of the person who recorded the testimony

S

o

11.   Describe each in ury for which you are claiming damages in this case, specifying the part of the body that was in ured, the nature of the in ury, and, as to any in uries you contend are permanent, and the effects on you that you claim are permanent.

S

he  ll e tent o the in ries that  s  ere  as a res lt o this a  i ent are not
ll kno n an  n erstoo   me an   e er the iss e o  ermanen   to
m  treatin   h si ians  P rs ant to the  lori a   les o Ci il Pro e  re
      lease re er to m  me i al re or s or a  om lete es ri tion o
the in ries  n a  ition, the in ormation re  este  in this interro ator   an
 e taken  rom Plainti s me i al re or s that  e en ant has a reasona le
o  ort nit  to o tain thro  h non  art  ro  tion or thro  h Plainti s
 es onse to  e en ant s  e  est or Pro   tion

      o e er, to the  est o m  kno le  e s  ere  in uries to m  ne k, a k
an  ri ht knee

12.   List each item of e pense or damage, other than loss of income or earning capacity that you claim to have incurred as a result of the incident described in the complaint, giving for each item the date incurred, the name and business address of the person or entity to whom each was paid or is owed, and the goods or services for which each was incurred.

S

 o the  est o m  re olle tion, the  ollo in  are m  me i al  ro i ers
 o e er, i there is a  is re an   et een the amo nts is lose  in m
res onses, an  illin  re or s rom  ro i ers, then   e er to the  ate
  illin  re or s

| e i al Pro i er | Char es |
|---|---|

| | |
|---|---|
| lori a ellness e i al ro | |
| reater lori a nesthesia | , |
| at rtho e i nstit te | , |
| e i al Center o rinit | , |
| orton Plant os ital | , |
| Pas o ma in sso iates | |
| ose a iolo | , |
| S ine an rtho e i Center | , |
| or ert mer en Ph si ians | , |
| rinit S ine Center | , |
| otal | , |

**he in ormation re este in this interro ator an e o taine rom Plainti s me i al ills hi h e en ant an o tain thro h non art ro tion or thro h Plainti s es onse to e en ant s e est or Pro tion**

13.   Do you contend that you have lost any income, benefits, or earning capacity in the past or future as a result of the incident described in the complaint   If so, state the nature of the income, benefits, or earning capacity, and the amount and the method that you used in computing the amount.

**S**

h s ar, misse  a total o    a s as a res lt o the s r er    n er ent in
this  ase  am a i          er ho r an   misse  a total o   a s  here
 o l ha e  orke   ho rs er a   o the  est o m kno le  e that
amo nt totals       t this time  am ns re  hether or not m  a ilit to
 ork  ll time, in the same or similar  a a it to  hat am a a le o ri ht
no , ill e a e te in the  t re, an   o l  e er those o inions to the
a ro riate e erts

14.   as anything been paid or is anything payable from any third party for the
damages listed in your answers to these interrogatories   If so, state the
amounts paid or payable  the name and business address of the person or
entity who paid or owes said amounts, and which of those third parties
have or claim a right of subrogation.

**S**

 o the  est o m kno le  e, as o  e  r ar   ,    , lori a Bl e has  ai
    ,      to  ar s m me i al ills an  the ha e asserte  a lien or that
amo nt   itionall , m P P  arrier has e ten e  the  ll   ,     oli
limits to  ar s m me i al ills

1 .   List the names and business addresses of each physician who has treated
or e amined you, and each medical facility where you have received any
treatment or e amination for the in uries for which you seek damages in this
case  and state as to each the date of treatment or e amination and the
in ury or condition for which you were e amined or treated.

**S**

See  ns er to nterro ator    a o e

16.   List the names and business addresses of all other physicians, medical
facilities, or other health care providers by whom or at which you have
been e amined or treated in the past 10 years  and state as to each the
dates of e amination or treatment and the condition or in ury for which you
were e amined or treated.

**S**

 o the  est o m re olle tion, the  ollo in  are m  me i al  ro i ers or
the last ten    ears  o  er, i  a is re an   et een this ans er o m
 ro i ers an m me i al re or s, then   e er to the me i al re or s

| e i al Pro i er | ates | reatment Con ition |
|---|---|---|
| r ael llis<br>        S i h a        , Ste<br>Palm ar or,  L | ario s | PCP |
| r ar osko it<br> orton Plant os ital<br>        Pinellas Street<br>Clear ater,  L | an | Prior ne k an  a k<br>s r er |

P rs ant to   CP        ,  lease re er to me i al re or s or  etails o treatment

17.   List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have knowledge concerning any of the issues in this lawsuit  and specifically, the sub ect matter about which the witness has knowledge.

_____S_____

Plainti  ill ile a  itness list in a  or an e  ith the  r er Settin  Ca se or rial an  Pre rial  ther ise, the  itnesses kno n to  ate are the ollo in

        he  arties an  their attorne s
        he in esti atin  oli e o i er
        hose liste  on the  rash re ort an
            treatin  h si ians

is o er is in its earl sta es an  rther ersons  ith kno le e ma e is o ere as is o er  ontin es

18.    ave you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit  If so, state the name and address of each person who made the statement or statements, the name and address or each person who heard it, and the date, time, place, and substance of each statement.

_____S_____

    o

1 .   State the name and address or every person know to you, your agents, or your attorneys, who has knowledge about or possession, custody, or control

of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy and describe as to each, what item such person has, the name and address or the person who took or prepared it, and the date it was taken or prepared.

**S**

is o er is still on oin  o e er, the ollo in  ersons ha e kno le  e,  ossession,  sto  an or ontrol o  ra in s on ernin  the iss es in this la s it

he  arties an  their attorne s an  he in esti atin  oli e o i er  oli e re ort ia ram

20.   Do you intend to call any e pert witness at the trial of this case   If so, state as to each such witness the name and business address of the witness, the witness s  ualifications as an e pert, the sub ect matter upon which the witness is e pected to testify, and a summary of the grounds for each opinion.

**S**

t is n etermine  at this time  hi h e  ert  itnesses  ill  e se  at the trial o this matter  o e er, those inten e  or se at trial  ill  e ro i e  in om lian e  ith the Co rt s  r er Settin  Ca se or rial an  Pre rial P rs ant to  rant  ole ie ski,  So  la  C  ,  Plainti s treatin  h si ians are not  eeme  e ert  itnesses

21.   ave you made an agreement with anyone that would limit that party s liability to anyone for any of the damages sued upon in this case   If so, state the terms of the agreement and the parties to it.

**S**

o

22.   Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which suit was filed.

**S**

o

23.     Please enumerate and describe any accidents, automobile or other kinds, prior or subse uent to the incident in the Complaint, in which you were in ured, and include in your answer the name, address and telephone number of each hospital, physician or other health care provider who treated you or e amined you for said in uries.

　　　S

n        as in ol e  in a motor  ehi le a  i ent on   nn      here  as rear en e    n er ent a l m ars r er   hi h  as  er orme  r  ar   osko  it at  orton Plant  os ital

n        as in ol e  in a motor  ehi le a  i ent near  ar on   en e  an     llen Booth  oa    n er ent a ne k s r er   hi h  as also  er orme    r  ar   osko it

24.     State the e tent of your education, giving names and addresses of all schools, colleges, universities, vocational schools, or other institutions attended and the years attended, as well as stating any degrees, certifications, or licenses (other than driver s license) which you have received.

　　　S

l  i h S hool,    S hool  , e Port  i he , L  Lar o  e i al  ssistant  rainin , Lar o, L   lose   o n

2 .     Please state the name, address and policy number of any insurance companies who have provided your health or disability benefits for the past ten (10) years. If the insurance was procured through another person s name, such as your spouse, please indicate same in your answer.

　　　S

lori a Bl e   em er    m er

State  arm  Poli      m er

26.     If you, your attorney, or agents know of any statement from any person who has knowledge concerning the facts involved in this lawsuit, including eyewitnesses, e perts e pected to testify at trial, and any others with knowledge of the facts and circumstances surrounding this suit, state the name and address of the person who took each statement, the date each statement was taken, and the form of the statement (that is, whether oral, written, stenographic, etc.). Dade County School Board v.  oberto Soler  34 So.2d 884 (Fla. 3rd DCA 1 88).

_____S_____

**am not a are o an statements ma e rom an erson on ernin this la s it**

27.   With respect to any in uries or symptoms which you claim to have sustained as a result of this accident, please state whether you at any other time ever had any similar in ury to, or similar symptom of the same or similar area of your body and if so, itemi e each such in ury or symptom, the part of your body involved, the date and duration of such in ury or symptom and the names and address of any physicians or hospitals that treated you for it.

_____S_____

**es, ha a rior ne k an a k s r eries as es ri e in m ans er to**

28.   Please identify any M I s, -rays or any and all diagnostic tests (including electro diagnostic tests) which you have had performed during the past ten (10) years, stating the type of test that was performed, the name of the institution where this M I, -ray or diagnostic test was performed and the date (or appro imate date or year) when this M I, -ray or diagnostic test was performed.

_____S_____

**s ose a iolo**

2 .   List the names and business addresses of all pharmacies, prescription plans, medical facilities or other health care facilities by whom or at which you have had prescriptions filled for the in uries for which you seek damages in this case. Provide the name and address of the prescriber, the dosage, number of tablets and fre uency taken, and the cost of the medication:

_____S_____

**al reens, Little oa , e Port i he , L**

30.   Please identify the name of your cell phone provider at the time of the accident and list the following:

        a. The cell phone number
        b. The account number and

c. The name of your cell phone account holder.

_____S_____

eri  on

_____
Signature

_____
Printed Name

STATE OF FLORIDA
COUNTY OF  PASCO

    BEFORE ME, the undersigned authority, personally appeared  Renee Disparti, who is personally known to me or who furnished identification in the form of _____ and who, after being duly sworn, deposes and says that the foregoing is true and correct to the best of his/her knowledge, information and belief, and that he/she subscribed his/her name hereto in certification thereof.

    WITNESS my hand and seal this 27th day of February, 2017.

LINDSAY A COFFEY
MY COMMISSION # FF 899200
EXPIRES September 06, 2019
(407) 398-0153   FloridaNotaryService.com

_____
Signature of Notary Public
My Commission Number: _____
My Commission Expires: _____

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, STATE OF FLORIDA
CIVIL DIVISION

RENEE DISPARTI,

          Plaintiff,

Case No.: 16-CA-003768

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

          Defendant.

_____/

## DEFENDANT'S INITIAL REQUEST TO PRODUCE TO PLAINTIFF

Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, by and through its undersigned attorney, and hereby request the Plaintiff, RENEE DISPARTI produce a copy of the documents listed on the attached Exhibit "A", within thirty (30) days from the date of service hereof at the offices of **SMOAK, CHISTOLINI & BARNETT, PLLC, 320 W. Kennedy Blvd., 4th Floor, Tampa, FL 33606**, where said documents shall be left for a reasonable period of time for copying or reproduction.  The Plaintiff will be in compliance with this Request to Produce if said Plaintiff provide to the Defendant's attorney, by mail, a complete and legible copy of the requested items prior to the date fixed for production.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via E-Mail this 17th day of January, 2017, to the following: Randy S. West, Esquire, The Nurse Lawyer, P.A., service@thenurselawyer.com.

*Karen Barnett*

Electronically signed after review by attorney

_____

**KAREN A. BARNETT**

Florida Bar No.: 390674
**Smoak, Chistolini & Barnett, PLLC**
320 W. Kennedy Blvd.
4th Floor
Tampa, FL  33606
(813) 221-1331 Telephone
(813) 223-7881 Facsimile
courtdocuments@flatrialcounsel.com
**Counsel for Defendant**

## EXHIBIT "A"

1.      Medical bills, including, but not limited to, doctors, hospitals, and prescriptions.

2.      Hospital records and written reports of all physicians, chiropractors and healthcare providers who have provided treatment to Plaintiff, in the past 10 years, that are in the possession of Plaintiff or Plaintiff's attorney, and sign the medical authorization, original of which is attached hereto, requesting medical/ psychological/ psychiatric/ social/ history/ drug/ alcohol treatment/ medical/ education information of Plaintiff.

3.      Any and all x-rays, MRI's, x-rays, CT scans or other diagnostic (including electro-diagnostic) studies Plaintiff has undergone in the past 10 years, as well as any reports interpreting said studies and tests that are in the Plaintiff's care, custody or control.

4.      Income tax returns of Plaintiff for the five years preceding the incident and all returns since, including any and all attachments including but not limited to W-2 Forms.

5.      Hospital records concerning any and all hospitalizations which Plaintiff claims resulted from the subject accident, which are in Plaintiff's possession or control.

6.      Medical reports, opinions, or other written memoranda from doctors, nurses, other medical practitioners, or expert witnesses containing information concerning the injuries and/or damage allegedly sustained by Plaintiff as a result of the subject accident and which are in Plaintiff's possession or control.

7.      Any and all letters of protection provided to any health care providers.

8.      Any and all notice of liens established by any health care providers.

9.      Any and all release of liens or evidence of reduction, write off or write down of any medical bill by any health care provider or insurance carrier.

10.     Any and all policies, identification cards, or other evidence of health insurance which has provided coverage or paid benefits to Plaintiff from the date of the accident at issue to present.

11.     Any and all settlement agreements and/or releases entered into with any person or entity for damages.

12.     Any photographs of the vehicles involved in the accident, any photographs of the scene of the accident, and any photographs of the Plaintiff in his or her injured condition, including photographs illustrating any personal injury(ies) alleged by Plaintiff.

13.     All repair bills and/or repair estimates.

14.   Photographs of Plaintiff illustrating any personal injury or other damages alleged by Plaintiff.

15.   Any and all written or recorded statements taken from any of the defendants, or any of their employees or agents, concerning any issue in this cause.

16.   A copy of any and all written or recorded statements or, in the alternative, if objected to, the name and address of any person from whom you or your attorneys or their representative have obtained a written or recorded statement and the date taken.

17.   Any and all photographs, graphs, charts, and other documentary evidence of the scene, parties or vehicles involved in or pertaining to the subject accident, or occurrence or the issues in this cause.

18.   Any and all insurance policies providing benefits or coverage to the Plaintiff for any claimed injury or damage from the subject accident or occurrence.

19.   A copy of Plaintiff's driver's license.

20.   A copy of Plaintiff's passport.

21.   A copy of Plaintiff's marriage license.

22.   A copy of Plaintiff's Social Security Card.

23.   Copies of any or all pleadings, discovery, or other materials compiled pertaining to any lawsuit or claim, workers compensation claim, or longshoremen's claim involving Plaintiff.

24.   All letters, correspondence or memoranda exchanged or transmitted by Plaintiff or on Plaintiff's behalf by his agents or attorney(s) to any third parties, to especially include Plaintiff's physicians and/or experts.

25.   A signed authorization, original attached with pleading copy to address, requesting income tax returns.

26.   All written statements, including opinions, memoranda and reports of Plaintiff and Plaintiff's agents and employees which Plaintiff expects to introduce into evidence at the trial of this case.

27.   All written statements, including opinions, memoranda and reports, of any and all witnesses and especially experts Plaintiff expects to call at the trial of this cause.

28.   All other written documents, transcripts, photographs, recordings and any other similar documents as defined and allowed by the Florida Rules of Civil Procedure which have not

been specifically requested but which is relevant to the subject matter of this suit and not privileged from disclosure.

29.     Police\incident\accident report, if applicable, relative to the subject occurrence.

30.     All expert witnesses' reports, including doctors' reports, furnished to Plaintiff or the attorney for Plaintiff in anticipation of litigation or in the furtherance of litigation and trial. <u>Mims v. Casademont</u>, 464 So.2d 643 (Fla. 3d DCA 1985).

31.     Event Data Recorder (Black Box) on the motor vehicle operated and/or owned, leased or used by Plaintiff.

32.     Power Train Control Module on the motor vehicle operated and/or owned, leased or used by Plaintiff.

33.     Any document (including online material) that you received or accessed in order to answer the Social Media Interrogatory.

34.     Any and all pleadings, response to interrogatories, responses to requests for production, responses to requests for admissions, notices of deposition, or any other document filed with the court or served on parties in this lawsuit.

35.     Any document reflecting payment by any source for any and all damages claimed in this case, including, but not limited to, all payments made to you, or on your behalf, by or pursuant to:

    a.   The United States Social Security Act.

    a.   The Federal Income Disability Act.

    b.   Any state income disability act.

    c.   Any local income disability act.

    d.   Any other public programs providing medical expenses, disability payment, or other similar benefits.

    e.   Any health, sickness, or income disability insurance.

    f.   Any other similar insurance benefits, except life insurance benefits available to you, whether purchased by you or provided by others.

g.   Any contract or agreement of any group, organization, partnership, or corporation to provide, pay for, or reimburse the cost of hospital, medical, dental, or other health care services incurred by you or on your behalf.

h.   Any contractual or voluntary wage continuation plan provided by employers or other system intended to provide wages during a period of disability.

i.   Workers' Compensation insurance.

36.   All records that document or evidence your wage loss claim.

37.   All releases, settlement agreements, covenants not to sue and/or judgments and all other documents, such as contracts, correspondence, memos, and the like, pertaining to the settlements reached between Plaintiff and any other person, firm, or corporation arising out of the incident referred to in the Complaint.

38.   All photographs, slides, videotapes, movies, drawings, and diagrams, including cell phone pictures, videos, and recordings of the scene of the motor vehicle accident described in the Complaint.  Please document in a privilege log, any items that you claim are work product protected.

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

Renee Disparti,

    Plaintiff,

                              Case No.:   16-CA-003768

v.

State Farm Mutual Automobile
Insurance Company,

    Defendant.

**Plaintiff, Renee Disparti's, Response to Defendant, State Farm Mutual Automobile Insurance Company's, Request for Production**

Plaintiff, Renee Disparti, by and through the undersigned attorney, hereby files her response to Defendant's, State Farm Mutual Automobile Insurance Company, Request to Produce dated January 17, 2017, as follows:

1.    Medical bills, including, but not limited to, doctors, hospitals, and prescriptions.

    **RESPONSE:**

    **All in Plaintiff's present possession attached**

2.    Hospital records and written reports of all physicians, chiropractors and healthcare providers who have provided treatment to Plaintiff, in the past 10 years, that are in the possession of Plaintiff or Plaintiff's attorney, and sign the medical authorization, original of which is attached hereto, requesting medical psychological psychiatric social history drug alcohol treatment medical education information of Plaintiff.

    **RESPONSE:**

o rior re or s in Plainti s resent ossession other than rior    re orts
hi h are atta he     s to a thori ations, Plainti o e ts to si nin  a
lank     PP  a thori ation     o e er,    e ense ma  sen   s e i i
a thori ations to Plainti  or si nat re, or ma  re   est  rior re or s
s   oena thro h non art  ro  tion

3.   Any and all  -rays, M I s,  -rays, CT scans or other diagnostic (including
     electrodiagnostic) studies Plaintiff has undergone in the past 10 years, as
     well as any reports interpreting said studies and tests that are in the
     Plaintiff s care, custody or control.

     **SP    S**

     **ll in Plainti  s  resent  ossession atta he**

4.   Income ta  returns of Plaintiff for the five years preceding the incident and
     all returns since, including any and all attachments including but not
     limited to W-2 Forms.

     **SP    S**

     **one in Plainti s  ossession    o e er, Plainti    ill si n the   ro er
     a thori ation to release her ta  ret rns**

.    ospital records concerning any and all hospitali ations which Plaintiff
     claims resulted from the sub ect accident, which are in Plaintiff s
     possession or control.

     **SP    S**

     **ll in Plainti  s  resent  ossession atta he**

6.   Medical reports, opinions, or other written memoranda from doctors,
     nurses, other medical practitioners, or e pert witnesses containing
     information concerning the in uries and or damage allegedly sustained
     by Plaintiff as a result of the sub ect accident and which are in Plaintiff s
     possession or control.

     **SP    S**

     **ll in Plainti  s  resent  ossession atta he**

7.   Any and all letters of protection provided to any health care providers.

**SP   S**

**ll in Plainti  s  resent  ossession atta  he**

8.      Any and all notice of liens established by any health care providers.

**SP   S**

**ll in Plainti  s  resent  ossession atta  he**

.      Any and all release of liens or evidence of reduction, write off or write down of any medical bill by any health care provider or insurance carrier.

**SP   S**

**one in Plainti  s  resent  ossession**

10.    Any and all policies, identification cards, or other evidence of health insurance which has provided coverage or paid benefits to Plaintiff from the date of the accident at issue to present.

**SP   S**

**ll in Plainti  s  resent  ossession atta  he**

11.    Any and all settlement agreements and or releases entered into with any person or entity for damages.

**SP   S**

**ll in Plainti  s  resent  ossession atta  he**

12.    Any photographs of the vehicles involved in the accident, any photographs of the scene of the accident, and any photographs of the Plaintiff in his or her in ured condition, including photographs illustrating any personal in ury(ies) alleged by Plaintiff.

**SP   S**

**one in Plainti  s  resent  ossession**

13.    All repair bills and or repair estimates.

**SP   S**

**ll in Plainti s resent ossession atta he**

14.   Photographs of Plaintiff illustrating any personal in ury or other damages alleged by Plaintiff.

**SP S**

**one in Plainti s resent ossession**

1 .   Any and all written or recorded statements taken from any of the defendants, or any of their employees or agents, concerning any issue in this cause.

**SP S**

**one in Plainti s resent ossession**

16.   A copy of any and all written or recorded statements or, in the alternative, if ob ected to, the name and address of any person from whom you or your attorneys or their representative have obtained a written or recorded statement and the date taken.

**SP S**

**one in Plainti s resent ossession**

17.   Any and all photographs, graphs, charts, and other documentary evidence of the scene, parties or vehicles involved in or pertaining to the sub ect accident, or occurrence or the issues in this cause.

**SP S**

**ll in Plainti s resent ossession atta he**

18.   Any and all insurance policies providing benefits or coverage to the Plaintiff for any claimed in ury or damage from the sub ect accident or occurrence.

**SP S**

**ll in Plainti s resent ossession atta he**

1 .   A copy of Plaintiff s driver s license.

**SP S**

**ill e ro i e    on re ei t**

20.    A copy of Plaintiff s passport.

**SP S**

**ill e ro i e at Plainti s e osition**

21.    A copy of Plaintiff s marriage license.

**SP S**

**ill e ro i e at Plainti s e osition**

22.    A copy of Plaintiff s Social Security Card.

**SP S**

**ill e ro i e at Plainti s e osition**

23.    Copies of any or all pleadings, discovery, or other materials compiled
pertaining to any lawsuit or claim, worker s compensation claim, or
longshoremen s claim involving Plaintiff.

**SP S**

**one in Plainti s resent ossession**

24.    All letters, correspondence or memoranda e changed or transmitted by
Plaintiff or on Plaintiff s behalf by his agents or attorney(s) to any third
parties, to especially include Plaintiff s physicians and or e perts.

**SP S**

**e tion, o er roa , n l r ensome, a e an harassin**

2 .    A signed authori ation, original attached with pleading copy to address,
re uesting income ta returns.

**SP S**

**Plainti  ill si n the  ro er a thori ation  hen  ro i e      e en ant**

26.   All written statements, including opinions, memoranda and reports of Plaintiff and Plaintiff s agents and employees which Plaintiff e pects to introduce into evidence at the trial of this case.

    **SP   S**

**Plainti  has not  et  etermine   hi h o  ments  ill e se  at trial**

27.   All written statements, including opinions, memoranda and reports, of any and all witnesses and especially e perts Plaintiff e pects to call at the trial of this cause.

    **SP   S**

**Plainti  has not  et  etermine   hi h e  erts an  or  itnesses  ill e se  at trial**

28.   All other written documents, transcripts, photographs, recordings and any other similar documents as defined and allowed by the Florida  ules of Civil Procedure which have not been specifically re uested but which is relevant to the sub ect matter of this suit and not privileged from disclosure.

    **SP   S**

**Il in Plainti  s  resent  ossession atta  he**

2 .   Police incident accident report, if applicable, relative to the sub ect occurrence.

    **SP   S**

**Poli e re ort atta  he**

30.   All e pert witnesses reports, including doctors reports, furnished to Plaintiff or the attorney for Plaintiff in anticipation of litigation or in the furtherance of litigation and trial. Mims v. Casademont, 464 So.2d 643 (Fla. 3d DCA 1 8 ).

    **SP   S**

**Plainti  has not  et  etermine   hi h e  erts  ill testi  at trial**

31.  Event Data  ecorder (Black Bo ) on the motor vehicle operated and or owned, leased or used by Plaintiff.

    **SP  S**

    **a  la k  o  e ists, Plainti    ill make the  ehi le a aila le or ins e tion at a time  hi h is m t all a reea le or all  arties**

32.  Power Train Control Module on the motor vehicle operated and or owned, leased or used by Plaintiff.

    **SP  S**

    **Plainti    ill make the  ehi le a aila le or ins e tion at a time  hi h is m t all a reea le or all  arties**

33.  Any document (including online material) that you received or accessed in order to answer the Social Media Interrogatory.

    **SP  S**

    **one**

34.  Any and all pleadings, response to interrogatories, responses to re  uests for production, responses to re  uests for admissions, notices of deposition, or any other document filed with the court or served on parties in this lawsuit.

    **SP  S**

    **tta  he**

3 .  Any document reflecting payment by any source for any and all damages claimed in this case, including, but not limited to, all payments made to you, or on your behalf, by or pursuant to:

    a. The  nited States Social Security Act.

    b. The Federal Income Disability Act.

    c. Any state income disability act.

d. Any local income disability act.

e. Any other public programs providing medical e penses, disability payment, or other similar benefits.

f. Any health, sickness, or income disability insurance.

g. Any other similar insurance benefits, e cept life insurance benefits available to you, whether purchased by you or provided by others.

h. Any contract or agreement of any group, organi ation, partnership, or corporation to provide, pay for, or reimburse the cost of hospital, medical, dental, or other health care services incurred by you or on your behalf.

i. Any contractual or voluntary wage continuation plan provided by employers or other system intended to provide wages during a period of disability.

. Workers  Compensation insurance.

**SP  S**

**one other than P P  ene its sho  n in the atta  he  me i al  ills**

36.    All records that document or evidence your wage loss claim.

**SP  S**

**one in Plainti  s  resent  ossession**

37.   All releases, settlement agreements, covenants not to sue and or udgments and all other documents, such as contracts, correspondence, memos, and the like, pertaining to the settlements reached between Plaintiff and any other person, firm, or corporation arising out of the incident referred to in the Complaint.

**SP  S**

**tta  he**

38.   All photographs, slides, videotapes, movies, drawings, and diagrams, including cell phone pictures, videos, and recordings of the scene of the

motor vehicle accident described in the Complaint. Please document in a privilege log, any items that you claim are work product protected.

**SP    S**

**one in Plainti  s  resent  ossession**

**Certi i ate o Ser i e**

I hereby certify that on February 1 , 2017, a true and correct copy of the above and foregoing has been electronically filed using the Florida Court s E-Filing Portal System in compliance with  ule 2. 16, which will send notification of such filing and copies to: Karen A. Barnett, Es uire, Smoak, Shistolini & Barnett, PLLC, 320 W. Kennedy Blvd., 4th Floor, Tampa, FL 33606, courtdocuments@flatrialcounsel.com.

Maryann Furman,  N, Es .
Florida Bar No.: 0026 3
The Nurse Lawyer P.A.
201  S 1  Alternate
Palm  arbor, FL 34683
Phone:(727) 807-6182
Fa :(727) 848-6182
service@thenurselawyer.com
Attorney for the Plaintiff

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

Renee Disparti,

     Plaintiff,

v.

                                 Case No.:    16-CA-003768
                                 Division:

State Farm Mutual Automobile
Insurance Company,

     Defendant.

## Plaintiff, Renee Disparti's Request for Copies to the Defendant, State Farm Mutual Automobile Insurance Company

Plaintiff, Renee Disparti, by and through her undersigned attorney, pursuant to Rule 1.351(d) of the Florida Rules of Civil Procedure, requests that Defendant, State Farm Mutual Insurance Company, provide a legible electronic copy of each item furnished to Defendant, pursuant to Notice of Production from Non-Party from the commencement of litigation through the present. All documents must be provided in electronic format, and any copying, scanning or processing charges exceeding one hundred dollars ($100.00) must be pre-approved by Plaintiff's counsel in writing.

## Certificate of Service

I hereby certify that on Wednesday, February 16, 2017, a true and correct copy of the above and foregoing has been electronically filed using the Florida Court's E-Filing Portal System in compliance with Rule 2.516, which will send notification of such filing and copies to: Karen A. Barnett, Esquire, Smoak, Shistolini & Barnett, PLLC, 320 W. Kennedy Blvd., 4th Floor, Tampa, FL  33606,

courtdocuments@flatrialcounsel.com.

Maryann Furman
Florida Bar No.: 0026  3
The Nurse Lawyer P.A.
201   S 1   Alternate
Palm   arbor, FL 34683
Phone:(727) 807-6182
Fa  :(727) 848-6182
Service Email: service@thenurselawyer.com
Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, STATE OF FLORIDA
CIVIL DIVISION

RENEE DISPARTI,

      Plaintiff,

Case No.: 16-CA-003768

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.

_____/

## DEFENDANT'S NOTICE OF TAKING VIDEOTAPED DEPOSITION
## OF PLAINTIFF, RENEE DISPARTI

      **PLEASE TAKE NOTICE** that counsel for the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, will take the videotaped deposition of the following:

| NAME | DATE AND TIME | LOCATION |
|---|---|---|
| Renee Disparti (to be produced) | April 3, 2017 at 3:00pm | Riesdorph Reporting Group 7237 Little Road New Port Richey, FL  34654 |

upon oral examination, before a court reporter and videographer from Riesdorph Reporting Group.  This deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules.

      The deposition will continue hour after hour thereafter until completed.

## CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** that a true and correct copy of the foregoing Notice of Taking

**Videotaped Deposition of Plaintiff has been furnished via E-Mail this 6th day of March, 2017, to the following:** Randy S. West, Esquire, **The Nurse Lawyer, P.A., service@thenurselawyer.com.**

*Karen Barnett*

Electronically signed after review by attorney

_____

**KAREN A. BARNETT**
**Florida Bar No.: 390674**
**Smoak, Chistolini & Barnett, PLLC**
**320 W. Kennedy Blvd.**
**4th Floor**
**Tampa, FL  33606**
**(813) 221-1331 Telephone**
**(813) 223-7881 Facsimile**
courtdocuments@flatrialcounsel.com
**Counsel for Defendant**